**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

JACQUELYN BRENEA N'JAI,

        *Plaintiff*,

   v.

UNITED STATES DEPARTMENT OF
EDUCATION *et al.*,

        *Defendants*.

No. 19-cv-2712 (DLF)

---

**<u>ORDER</u>**

    Jacquelyn N'Jai alleges that the defendants in this action stole her identity, took out student loans in her name, and unlawfully garnished her tax refund and social security checks. *See* Mem. Op. of Mar. 31, 2021, at 2, Dkt. 102.  This Court previously dismissed N'Jai's claims against defendants Long Island University, New York University, Immediate Credit Recovery, New York State Higher Education Services Corp., the Department of Education, and the Secretary of Education, in her official capacity.  *See* Order of Mar. 31, 2021, Dkt. 101.  The Court also recounted "the recurring issues with effecting service in this case" and ordered N'Jai to provide addresses for serving the remaining defendants: Diane Spadoni, FMS Investment Corp., Campus Products and Services, Conduent Education Services, and Van Ru Credit Corp. Mem. Op. of Mar. 31, 2021, at 23–26.  N'Jai provided addresses for those defendants.[1]  *See* Pl.'s First Show Cause Response, Dkt. 110.  But the Marshals Service was unable to effect service at the addresses for either Campus Products or Van Ru Credit Corp.  *See* Minute Order of Sept. 1,

---

[1] N'Jai also took the position that Campus Products and Services and Conduent Education Services are the same entity.  *See* First Show Cause Response at 2–3.

2021.  Accordingly, because this was the "fourth time" that N'Jai provided an incorrect address for Campus Products, the Court dismissed her claims against it under Federal Rule of Civil Procedure 4(m).  *Id.*  The Court also ordered her to show cause why her claims against Van Ru Credit Corp. should not be dismissed under Federal Rule 4(m).  *See id.*

Before the Court are N'Jai's response to that order, Dkt. 130, her Motion for Alternative Service, Dkt. 131, her Motion to File a Second Amended Complaint, Dkts. 130, and Spadoni's Motion to Dismiss, Dkt. 126.  For the following reasons, the Court will grant Spadoni's Motion and deny N'Jai's motions.  It will also dismiss all claims against Van Ru Credit Corp. and FMS Investment Corp. under Federal Rule 4(m).

The Court will begin with Spadoni's motion to dismiss.  Spadoni is a regional director of borrower's services at the Department of Education, *see* Am. Compl. at 3, Dkt. 24, and N'Jai has sued her only in her official capacity, *see* First Show Cause Response at 1.  As discussed above, this Court previously dismissed all N'Jai's claims against the Department of Education and the Secretary of Education.  *See* Mem. Op. of Mar. 31, 2021 at 14–23.  N'Jai now raises the same claims against Spadoni that she previously raised against those entities.  *See generally* Am. Compl.  But N'Jai offers no argument to distinguish her claims against Spadoni from those this Court already dismissed.  *See* Pl.'s Opp'n to Spadoni's Mot. to Dismiss, Dkt. 127.  The Court will thus dismiss all claims against Spadoni for the same reasons that it dismissed the identical claims against the Department and its Secretary.[2]

_____

[2] In particular, the Court dismisses N'Jai's claims under 18 U.S.C. §§ 242, 245, and 1028 for the lack of a private cause of action, *see* Mem. Op. of Mar. 31, 2021 at 14–15; her claims 42 U.S.C. § 1983 on account of federal sovereign immunity, *see id.* at 15; her Federal Tort Claims Act claim for lack of exhaustion, *see id.* at 16–18; her Fair Debt Collection Practices Act claim on account of federal sovereign immunity, *see id.* at 18–20; her False Claims Act claim on the ground that "pro se plaintiffs . . . are not adequately able to represent the interests of the United

The Court will also dismiss all claims Van Ru Credit Corp.  When a defendant has not been served within ninety days after the filing of a complaint, Federal Rule 4(m) requires courts to either "dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff can show good cause for another approach. Fed. R. Civ. P. 4(m).  Here, almost two years have passed since N'Jai named Van Ru as a defendant.  *See* Am. Compl. at 4 (filed on Apr. 1, 2020).  She initially attempted to serve Van Ru herself.  *See* Dkt. 37; *see also* Fed. R. Civ. P. 4(c)(2) (providing that only non-parties may effect service).  She then requested that the U.S. Marshals serve Van Ru at 4839 N. Elston Avenue, Chicago, Illinois 60630.  *See* First Show Cause Response at 4, Dkt. 110.  The Marshals, however, were unable to do so and ultimately concluded that the corporation was involuntarily dissolved in June 2020.  *See* Dkt. 121.  N'Jai now asks the Marshals to serve Van Ru at 1350 E. Touhy Avenue, Ste. 300E, Des Plaines, Illinois, 60018.  *See* Second Show Cause Response at 5, Dkt. 130.  But although she has presented some evidence that Van Ru once operated there, *see, e.g.*, Third Show Cause Response at 2–3, 7–9, Dkt. 131-1, she has not rebutted the Marshals' determination that the corporation has since been dissolved.  Moreover, to the degree she alleges that Van Ru is an alter ego of Campus Products, *see* Second Show Cause Response at 1, that allegation is unhelpful for the simple reason that this Court has dismissed all claims against that defendant, *see* Minute Order of Sept. 1, 2021.  The Court thus holds that N'Jai has not shown good cause for her failure to serve Van Ru.  *See* Fed. R. Civ. P. 4(m).  Accordingly, and

---

States," *id.* at 20–21 (quoting *Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2015); her claim under 34 C.F.R. §§ 685.206(c) and 685.222 for lack of a private cause of action, *see id.* at 21–22; and her APA claim for the failure to challenge a final agency action, *see id.* at 23.

considering the other, "recurring issues with effecting service in this case," *see* Mem. Op. of Mar. 31, 2021, at 23–26, N'Jai's claims against Van Ru are dismissed without prejudice.

The Court will further deny N'Jai's motion to amend her complaint. *See* Second Mot. to Amend. Dkt. 130. In that motion, N'Jai seeks to revive her previously dismissed claims against Campus Products, revive her previously dismissed FTCA claims, and add new claims against the purported chairman of Van Ru, Albert Rubin. *See id.* at 1, 3–5, 15–17. None of those proposed amendments is appropriate. Although courts must grant leave to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), courts may deny leave based on "futility of amendment" or "undue delay," *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile when it "would not survive a motion to dismiss." *In re Interbank Funding Corp. Sec. Litigation*, 629 F. 3d 213, 215 (D.C. Cir. 2010) (citation omitted). And in assessing whether a delay is undue, courts consider the "possibility of any resulting prejudice," *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996), and whether a plaintiff offered a "good reason" for the delay, *Trudel v. SunTrust Bank*, 924 F.3d. 1281, 1288 (D.C. Cir. 2019).

Each of N'Jai's proposed amendments is futile. The Court begins with N'Jai's claims against Campus Products, which it previously dismissed under Federal Rule 4(m). *See* Minute Order of Sept. 1, 2021. Although N'Jai now argues that Campus Products has been evading service, she offers little to support that allegation. *See* Second Show Cause Order at 9–14. In addition, although she requests that the Marshals attempt to serve the corporation at 157 Cedar Mill Drive, Dallas, GA 30132, *see* Redline of Complaint at 3, Dkt. 133, the Marshals already attempted to serve Campus Products at that address and were unable to do so, *see* Process Receipt and Return at 3, Dkt. 119 (noting that it was "residential address"). Finally, although N'Jai suggests that the Marshals serve an attorney who had previously represented Campus

Products, *see* Mot. for Alternative Service at 2–3, Dkt. 131, the Federal Rules do not permit

serving a domestic corporation in that manner, see Fed. R. Civ. P. 4(h).[3]  The Court thus declines

to reconsider its dismissal of Campus Products.[4]

      N'Jai's attempt to revive her FTCA claims is also futile.  As relevant here, the FTCA

provides that an "action shall not be instituted upon a claim against the United States for money

damages . . . unless the claimant shall have first presented the claim to the appropriate Federal

agency."  28 U.S.C. § 2675(a).  To meet that requirement, a plaintiff must both "sufficiently

describ[e] the injury to enable the agency to begin its own investigation" and demand a "sum-

certain [of] damages."  *GAF Corp. v. United States*, 818 F.2d 901, 919–20 (D.C. Cir. 1987).

This Court previously dismissed N'Jai's FTCA claims for failure to meet that requirement.  *See*

Mem. Op. of Mar. 31, 2021, at 16–18.  And although N'Jai now alleges that she exhausted her

administrative remedies on April 10, 2021, *see* Mot. to Amend at 17–18, that allegation fails as a

matter of law.  The plain text of the FTCA requires a plaintiff to exhaust before they file a civil

action.  *See McNeil v. United States*, 508 U.S. 106, 110–11 (1993); *see also* 28 U.S.C. § 2675(a)

(requiring a claimant to "have first presented the claim to the appropriate Federal agency").

Because N'Jai did not do so here, her attempt to revive her FTCA claim fails.

      Finally, the proposed complaint does not state a plausible claim for relief against Albert

Rubin.  N'Jai identifies Rubin as the "Chairman/President/Owner" of Van Ru and alleges that he

---

[3] "A number of courts . . . have sanctioned service on United States counsel as an alternative means of service under" Federal Rule 4(f)(3), *Hashem v. Shabi*, 2018 WL 3382913, at *5 (D.D.C. Apr. 26, 2018), which authorizes service of foreign corporations "by other means not prohibited by international agreement, as [a] court orders," Fed. R. Civ. P. 4(f)(3).  But no comparable provision applies to serving domestic corporations, and N'Jai provides no authority for the method of alternative service she requests here.

[4] Given this disposition, N'Jai's motion to serve Campus Products through its purported attorney is denied as moot.  *See* Dkt. 131.

owns "80% of the [company's] stock." Mot. to Amend at 5.  But N'Jai does not allege any facts

that could connect Rubin to a violation of any federal statute.  Further, to the degree that she

attempts to hold Rubin liable for conduct by Van Ru, she has not alleged facts that could support

piercing the corporate veil.  *See United States v. Bestfoods*, 524 U.S. 51, 62 (1998) (requiring a

showing that "the corporate form would otherwise be misused to accomplish certain wrongful

purposes, most notably fraud, on the shareholder's behalf").  Accordingly, the complaint lacks

factual matter sufficient "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(defining a facially plausible claim ss one that "allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged").  And because the complaint could not

survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it is futile within the

meaning of Federal Rule 15(a)(2).  *See In re Interbank Funding*, 629 F. 3d at 215.  The Court

accordingly denies N'Jai's motion for leave to amend her complaint based on "futility of

amendment."  *Foman*, 371 U.S. at 182.

      The Court further notes that granting leave to amend would reward "undue delay."  *Id.*

N'Jai has habitually attempted to amend the operative Complaint, both formally and informally,

and the Court has continually accommodated those efforts.  *See, e.g.*, Order of Nov. 13, 2019

(directing N'Jai to make technical corrections to her initial complaint); Amended Compl., Dkt. 6

(filed as a matter of right to make those corrections); Mot. to Amend, Dkt. 18 (proposing

substantive changes to the amended complaint); Minute Order of Apr. 1, 2020 (granting that

motion to amend); Pl.'s Status Report of May 20, 2021 (raising new allegations regarding

exhaustion); Pl.'s Mot. to Continue, Dkt. 118 (attempting to reintroduce a previously dismissed

FTCA claim); Minute Order of Sept. 1, 2021 (noting that N'Jai could only reintroduce that claim

pursuant to Federal Rule of Civil Procedure 15(a)(2)); Second Mot. to Amend (moving to reintroduce that claim, add a new party, and revise other parties' addresses); Minute Order of Oct. 14, 2021 (ordering N'Jai to correct procedural errors in her latest motion); Pl.'s Errata, Dkt. 133 (correcting these errors). These circumstances weigh heavily against additional amendments in this case, especially where, as with the proposed addition of Rubin, N'Jai has provided no "good reason" for her delay, *Trudel*, 924 F.3d. at 1288. And although the Court does not rest on undue delay here, given the independent problem of futility, *see Foman*, 371 U.S. at 182, the Court is disinclined to entertain subsequent motions to amend.

The only remaining issue in this case is the status of FMS Investment Corp. On July 20, 2021, the Clerk of Court docketed a purported waiver of service from FMS. *See* Dkt. 124. On September 1, 2021, this Court ordered FMS to answer or otherwise respond to N'Jai's complaint on or before September 30, as well as to show cause for its delay in doing so. *See* Minute Order of Sept. 1, 2021. Since then, FMS has neither answered N'Jai's complaint nor entered an appearance in this case. N'Jai, in turn, has neither moved for an entry of default against FMS nor taken any other action against it. Accordingly, the Court will order N'Jai to either move for the entry of default against FMS pursuant to Federal Rule of Civil Procedure 55(a) or else explain why her claims against FMS should not be dismissed for failure to prosecute, *see Link v. Wabash R.R. Co.*, 370 U. S. 626, 629–33 (1962).[5] N'Jai is ordered to do so on or before April 18, 2022.

---

[5] Federal Rule 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters a party's default, the opposing party may move for a default judgment. *See* Fed. R. Civ. P. 55(b). If N'Jai moves for a default judgment in this case, she should address a possible defect in the purported waiver of service. The waiver is signed by an individual named Bruce

**CONCLUSION**

Accordingly, it is

**ORDERED** that Spadoni's Motion to Dismiss, Dkt. 126, is **GRANTED**.  It is further

**ORDERED** that N'Jai's Motion to File a Second Amended Complaint, Dkt. 130, is **DENIED**.  It is further

**ORDERED** that N'Jai's Motion for Alternative Service, Dkt. 131, is **DENIED**.  It is further

**ORDERED** that all claims against Van Ru Credit Corporation are **DISMISSED** without prejudice.  And it is further

**ORDERED** that N'Jai explain, on or before April 18, 2022, why her claims against FMS Investment Corporation should not be dismissed for failure to prosecute.

**SO ORDERED.**

DABNEY L. FRIEDRICH
United States District Judge

March 28, 2022

---

MacFarlane, in the care of a corporation called Venturion.  *See* Dkt. 124.  But the record is unclear as to the relationship, if any, between FMS and Venturion.  N'Jai should thus address whether MacFarlane and Venturion have authority to waive service of process on behalf of FMS.