The UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELYN BRENEA N'JAI,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*,<br><br>*Defendants.* | No. 19-cv-02712 (DLF) |

### MEMORANDUM OPINION

Before the Court is Jacquelyn B. N'Jai's Motion for Entry of Default, Dkt. 137, and Motion for Default Judgment, Dkt. 138, against FMS Investment Corporation. For the reasons that follow, the Court will deny the motions, and it will accordingly vacate, set aside, and direct the Clerk of Court to strike the Entry of Default, Dkt. 139. It will also dismiss FMS as a defendant.

**I.   BACKGROUND**

N'Jai alleges that the defendants in this action stole her identity, took out student loans in her name, and unlawfully garnished her tax refund and social security checks. *See* Mem. Op. of Mar. 31, 2021, at 2, Dkt. 102. The Court previously dismissed N'Jai's claims against several defendants. *See* Order of Mar. 31, 2021, Dkt. 101; Order of Mar. 29, 2022, Dkt. 136. These orders left FMS as the only remaining defendant.

On July 20, 2021, the Clerk of Court docketed a purported waiver of service from FMS. *See* Dkt. 124. The waiver was signed on June 25, 2021 by a "Chairman" named "Bruce McFarlane" of "Ceannate Corporation," *see id*. at 2–4, the purported parent organization of FMS, *see* Affidavit in Support of Default at 2, Dkt. 137-1.

On September 1, 2021, the Court ordered FMS to answer or otherwise respond to N'Jai's complaint on or before September 30, and to show cause for its delay in doing so. *See* Minute Order of Sept. 1, 2021. As of September 30, FMS had neither answered N'Jai's complaint nor entered an appearance in this case. The Court accordingly ordered N'Jai to either move for the entry of default against FMS pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, or alternatively, to explain why her claims against FMS should not be dismissed for failure to prosecute. Order of Mar. 28, 2022, at 7–8 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962)).

On April 12, 2022, and in response to the Court's order, N'Jai filed a motion for entry of default pursuant to Rule 55(a). *See* Dkt. 137. Attached to that motion are several documents, including an Affidavit in Support of Default, a Certificate of Service, Dkt. 137-2, and an Appendix of Proof, Dkt. 137-4, with accompanying exhibits. On April 28, 2022, the Clerk of Court docketed an entry of default against FMS pursuant to Rule 55(a). *See* Dkt. 139.

In addition to the motion for entry of default, N'Jai filed a motion for default judgment pursuant to Federal Rule 55(a) and (b).[1] *See* Dkt. 138. She contends that "the claim . . . is for Seventy-five Thousand Dollars ($75,000)." *Id.* at 1. In support, she attaches another affidavit. *Id.* at 2.

## II.   LEGAL STANDARDS

The Federal Rules of Civil Procedure empower district courts to enter default judgment against a defendant who fails to defend its case. Fed. R. Civ. P. 55(b)(2); *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Although courts generally favor

---

[1] Although the motion is labeled as an affidavit supporting the motion for entry of default, the Court will "liberally construe[]" the *pro se* document as a motion for default judgment as required by Rule 55(b). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted).

resolving disputes on their merits, default judgments are appropriate "when the adversary process has been halted because of an essentially unresponsive party." *Mwani v. Bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (citation omitted).

Obtaining a default judgment is a two-step process which "allows the defendant the opportunity to move the court to set aside the default before the court enters default judgment." *Carpenters Labor-Mgmt. Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237, 239 n.1 (D.D.C. 2007).  First, the plaintiff must request that the Clerk of Court enter default against a party who has failed to plead or otherwise defend.  Fed. R. Civ. P. 55(a).  The Clerk's entry of default establishes the defendant's liability for the well-pleaded allegations in the complaint.  *Boland v. Providence Constr. Corp.*, 304 F.R.D. 31, 35 (D.D.C. 2014).  Second, the plaintiff must apply to the court for a default judgment.  Fed. R. Civ. P. 55(b).  At that point, the plaintiff "must prove his entitlement to the relief requested using detailed affidavits or documentary evidence on which the court may rely." *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 103 (D.D.C. 2015) (internal quotation marks and alterations omitted).  "[T]he defendant's default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief." *Jackson v. Corr. Corp. of Am.*, 564 F. Supp. 2d 22, 27 (D.D.C. 2008) (citation omitted).

### III.   ANALYSIS

#### A.   Personal Jurisdiction

Before granting a motion for default judgment, the Court "should satisfy itself that it has personal jurisdiction [over] an absent defendant."  *Mwani*, 417 F.3d at 6.  The Court "may exercise one of two types of personal jurisdiction: (1) 'general or all-purpose jurisdiction' or (2) 'specific or case-linked jurisdiction.'" *Lewis v. Full Sail, LLC*, 266 F. Supp. 3d 320, 323 (D.D.C. 2017)

(quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Neither type applies here.

        1.     *General Jurisdiction*

"A court with general jurisdiction may hear any claim against that defendant." *Bristol–Myers Squibb Co. v. Superior Ct. of Calif., San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017). "Exercise of this so-called 'general jurisdiction' requires that the defendant's contacts within the forum be 'continuous and systematic' in order for the defendant to be forced to defend a suit arising out of any subject matter unrelated to the defendant's activities within the forum." *Conant v. Wells Fargo Bank, N.A.*, 24 F. Supp. 3d 1, 12 (D.D.C. 2014) (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415–416 (1984)). For a corporation, the "place of incorporation and principal place of business are [the] paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (internal quotation marks and alterations omitted). D.C. law provides for general jurisdiction "over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in" the District. D.C. Code § 13–422.

The Court cannot exercise general jurisdiction over FMS. The record suggests that FMS maintains a primary address in Illinois, *see* Am. Compl. at 4, Dkt. 24; Pl.'s Response to Order to Show Cause at 4, Dkt. 110; Return of Service, Dkt. 120; Waiver at 1; Affidavit in Support of Default ¶¶ 4–5, 7–10; Certificate of Service at 1–3; Appendix Exhibits 11–15, or in Massachusetts, *see* Waiver at 2; Certificate of Service at 1–3; Appendix Exhibits 17–18. There is also some indication in the exhibits that FMS may be incorporated in Delaware or Maryland. *See* Appendix Exhibits 11, 14. But N'Jai has presented no evidence showing that FMS maintains a place of

incorporation or principal place of business in the District of Columbia. Accordingly, the Court cannot exercise general jurisdiction over it.

        2.     *Specific Jurisdiction*

Specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). "To establish [specific] personal jurisdiction, [a] plaintiff[] must (1) plead facts sufficient to show that jurisdiction is appropriate under the District of Columbia's long-arm statute and (2) satisfy the 'minimum contacts' demands of constitutional due process." *Fuentes–Fernandez & Co. v. Caballero & Castellanos, PL*, 770 F. Supp. 2d 277, 281 (D.D.C. 2011) (quoting *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)). Because D.C.'s long-arm statute extends as far as the Due Process Clause allows, the "statutory and constitutional jurisdictional questions . . . merge into a single inquiry: would exercising personal jurisdiction accord with the demands of due process?" *Thompson Hine, LLP v. Taieb*, 734 F.3d 1187, 1189 (D.C. Cir. 2013) (internal quotation marks omitted). "[A] court's exercise of personal jurisdiction over a defendant satisfies due process if there are 'minimum contacts' between the defendant and the forum such that the defendant 'should reasonably anticipate being haled into court there.'" *Urquhart-Bradley v. Mobley*, 964 F.3d 36, 44 (D.C. Cir. 2020) (quoting *Thompson Hine*, 734 F.3d at 1189) (alterations omitted). "That is, there must exist 'a relationship among the defendant, the forum, and the litigation' such that 'the defendant's suit-related conduct creates a substantial connection with the forum.'" *Id.* (alterations omitted) (quoting *Shatsky v. Palestine Liberation Org.*, 955 F.3d 1016, 1036 (D.C. Cir. 2020)).

The Court cannot exercise specific jurisdiction over FMS. The only connection identified between FMS and the District of Columbia is its contractual relationship with the United States

5

Department of Education.  *See* Am. Compl. at 3–4, 17–34; *see also* Pl.'s Opposition to LIU/NYU/ICR's Mots. at 4–5, 7, Dkt. 64; Affidavit in Support of Default ¶ 10 ("FMS Investment Corp . . . [is] a Chicago-based [] Private Collection Agency contractor to the US Department of Education Federal Student Aid[.]"); Pl.'s First Response to Order to Show Cause at 5, Dkt. 130 (stating that FMS is a "PCA for US Department of Education").  As the Court has previously explained, contacts with a government agency cannot alone establish specific jurisdiction.  Mem. Op. of Mar. 31, 2021, at 6.  While the government contacts exception is relaxed for fraud claims, the plaintiff still must satisfy the heightened pleading requirement under Rule 9(b).  Fed. R. Civ. P. 9(b).  And as the Court has previously concluded, N'Jai has not made that showing as to any defendant.  Mem. Op. of Mar. 31, 2021, at 7–9.  Because N'Jai has not shown relevant contacts between FMS and the District of Columbia, the Court cannot exercise specific jurisdiction over it.

## CONCLUSION

For the foregoing reasons, the plaintiff's Motion for Entry of Default and Motion for Default Judgment are denied.  A separate order consistent with this decision accompanies this memorandum opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

September 6, 2022