IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JACQUELYN B. N'JAI, | ) ) ) ) |  |
| Plaintiff, | ) ) | Civil Case No. 19-2712 (DLF) |
| -against- | ) ) |  |
| US DEPARTMENT OF EDUCATION, et al., | ) ) ) |  |
| Defendants. | ) ) ) |  |

**<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE RENEWED MOTION OF DEFENDANTS LONG ISLAND UNIVERSITY AND NEW YORK UNIVERSITY TO DISMISS THE AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................... 1

BACKGROUND ........................................................................................................... 1

I.    FACTUAL BACKGROUND ................................................................................ 1

II.   PROCEDURAL BACKGROUND......................................................................... 3

ANALYSIS.................................................................................................................. 5

DISMISSAL IS WARRANTED PURSUANT TO FED. R. CIV. P. 12(B)(2) AS THE COURT
DOES NOT HAVE PERSONAL JURISDICTION OVER THE UNIVERSITIES ...................... 5

      A.     LIU and NYU are Not Subject to General Personal Jurisdiction in The District of
           Columbia.................................................................................................. 6

            i)     LIU and NYU are Not Subject to General Personal Jurisdiction in the
                  District of Columbia Under Relevant District of Columbia Statutes ......... 7

            ii)    Exercising LIU and NYU are Not  Subject to General Personal
                  Jurisdiction Over LIU and NYU in the District of Columbia Under Would
                  Violate the Due Process Clause of the Fourteenth Amendment................. 7

      B.     LIU and NYU are Not Subject to Specific Personal Jurisdiction in The District of
           Columbia in This Matter........................................................................... 9

            i)     LIU and NYU are Not Subject to Specific Personal Jurisdiction in the
                  District of Columbia Under Relevant District of Columbia Statutes ......... 9

            ii)    LIU and NYU are Not Subject to Specific Personal Jurisdiction in the
                  District of Columbia Under the Due Process Clause of the Fourteenth
                  Amendment............................................................................................ 12

            iii)   The Government Contacts Exception, As Clarified by the D.C. Court of
                  Appeals, Continues to Preclude Specific Personal Jurisdiction Here....... 15

DISMISSAL IS WARRANTED PURSUANT TO FED. R. CIV. P. 12(B)(5) AS NEITHER LIU
NOR NYU HAS BEEN PROPERLY SERVED ................................................................ 17

DISMISSAL IS WARRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.......................................... 23

      A.     Count Two, Entitled 18 U.S. Code § 1028, Fraud and Related Activity in
           Connection with Identification Documents, Should be Dismissed as It Is a
           Criminal Statute With No Private Cause Of Action ......................................... 25

      B.     Count Three, Entitled Fair Credit Reporting Act, 15 U.S.C. § 1692(d)(e) and (f),

i

Should be Dismissed as It Is Inapplicable to the Universities and Insufficiently Particular .................................................................................................. 25

    i)    Plaintiff's Claims regarding the Fair Debt Collection Practices Act Should Be Dismissed ........................................................................................ 27

        a)    Plaintiff's Fair Debt Collection Practices Act Claims are Time Barred .......................................................................................... 27

        b)    The Fair Debt Collection Practices Act Claims Do Not State a Cognizable Claim ....................................................................... 28

    ii)    Plaintiff's Claims Regarding the Fair Credit Reporting Act Should Be Dismissed ........................................................................................ 31

        a)    Plaintiff's Fair Credit Reporting Act Claims are Time Barred ..... 32

        b)    Plaintiff's Fair Credit Reporting Act Claims Do Not State a Cognizable Claim ....................................................................... 32

    iii)    Plaintiff's Claims Regarding 12 C.F.R. Part 1022, App. B Should Be Dismissed ........................................................................................ 34

C.    Count Five, Entitled Borrower Defense to Repayment: Higher Education Act 20 U.S.C. § 668.53, 34 C.F.R.§ 668-53, Should be Dismissed as There is No Private Cause of Action Under Those Provisions ............................................................ 35

D.    Count Seven, Entitled Federal Torts Claims Act (FTCA) (Negligence and Personal Injury) (28 U.S.C. § 1332; Diversity of Citizenship), Should be Dismissed as It Is Inapplicable to LIU and NYU ................................................ 37

E.    Count Eight, Entitled Civil Fraud 40 U.S. code § 123: Civil Remedies for Fraud/Negligent Misrepresentation False Claims Act § 3729(b)(1), Should be Dismissed as There is No Private Cause of Action or Plaintiff Failed to Follow Required Procedure to Bring One ........................................................................ 39

    i)    Plaintiff's Claims under 40 U.S.C. § 123 Should Be Dismissed .............. 39

    ii)    Plaintiff's Claims under 31 U.S.C. § 3729(b)(1) Should Be Dismissed... 40

CONCLUSION .............................................................................................................. 43

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ali v. Dist. of Columbia, et al.*,
278 F.3d 1 (D.C. Cir. 2002) ...............................................................................................24, 25

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...........................................................................................................24, 25

*Atlantigas Corp. v. Nisource, Inc.*,
290 F.Supp 2d 34 (D.D.C. 2003), *appeal dismissed,* No. 03-7166, 2003 WL
22971974 ...................................................................................................................................5

*Barenblatt v. United States*,
360 U.S. 109 (1959) ................................................................................................................17

*Bd. of Regents of Univ. of Wis. Sys. v. Southworth*,
529 U.S. 217 (2000) (Souter, J., concurring) .........................................................................17

*Bradley v. DeWine*,
55 F.Supp.3d 31 (D.D.C. 2014) ................................................................................................6

*Bristol–Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*,
582 U.S. 255 (2017) .............................................................................................................6, 13

*Brodie v. Worthington*,
CIV.A. 09-1828, 2010 WL 3892882 (D.D.C. Sep. 27, 2010), *report and
recommendation adopted,* CIV.A. 0901828 HHK, 2011 WL 3855475 (D.D.C.
Aug. 31, 2011) ........................................................................................................................18

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ................................................................................................................15

*Candido v. Dist. of Columbia*,
242 F.R.D. 151 (D.D.C. 2007) ................................................................................................17

*Canuto v. Mattis*,
273 F.Supp.3d 127 (D.D.C. 2017) .............................................................................................7

*Cap. Bank Int'l Ltd. v. Citigroup, Inc.*,
276 F. Supp. 2d 72 (D.D.C. 2003) ..........................................................................................13

*Capel v. Capel*,
272 F.Supp.3d 33 (D.D.C. 2017) .............................................................................................11

*Carr v. DeVos*,
    369 F.Supp.3d 554 (S.D.N.Y. 2019)..................................................................36, 38

*Conservation Law Found. of New England, Inc. v. Harper*,
    587 F. Supp. 357 (D. Mass. 1984) ...........................................................................41

*Cooper v. Haase*,
    750 F.App'x 600 (9th Cir. 2019) .............................................................................41

*Cruz-Packer v. Dist. of Columbia*,
    539 F.Supp.2d 181 (D.D.C. 2008).........................................................................20

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)..........................................................................................7, 8, 9

*Firestone v. Firestone*,
    76 F.3d 1205 (D.C. Cir. 1996)................................................................................44

*United States ex rel. Fisher v. Network Software Assocs.*,
    377 F.Supp.2d 195 (D.D.C. 2005)..........................................................................44

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
    592 U.S. 351 (2021)................................................................................................13

*Fuentes–Fernandez & Co. v. Caballero & Castellanos, PL*,
    770 F.Supp.2d 277 (D.D.C. 2011)......................................................................9, 10

*United States ex rel. Gibson v. Colo. Student Loan Program*,
    No. 95 N 231, 1996 WL 944285 (D. Colo. May 3, 1996)......................................42

*Gomez v. Aragon*,
    705 F.Supp.2d 21 (D.D.C. 2010).......................................................................6, 15

*Gross v. United States*,
    771 F.3d 10 (D.C. Cir. 2014)..................................................................................40

*GTE New Media Servs. Inc. v. BellSouth Corp.*,
    199 F.3d 1343 (D.C. Cir. 2000)..............................................................................12

*Hardy v. Joseph I. Sussman, P.C.*,
    953 F.Supp.2d 102 (D.D.C. 2013)..........................................................................23

*Harrison v. United States*,
    No. CV 16-1829 (CKK), 2018 WL 4680204 (D.D.C. Sep. 28, 2018) ...................39

*Holder v. Haarmann & Reimer Corp.*,
    779 A.2d 264 (D.C. 2001) ......................................................................................11

ii

*Ihebereme v. Capital One, N.A.*,
   933 F.Supp.2d 86 (D.D.C. 2013), *aff'd,* 573 F.App'x 2 (D.C. Cir. 2014)..........................32, 34

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Co. & Placement*,
   326 U.S. 310 (1945)...................................................................................................................15

*Inv. Co. Inst. v. United States*,
   550 F. Supp. 1213 (D.D.C. 1982) ..............................................................................................16

*Jackson v. Dist. Hosp. Partners, L.P.*,
   2019 WL 3502389 (D.D.C. Aug. 1, 2019) ................................................................................25

*Johnson-Richardson v. Univ. of Phoenix*,
   334 F.R.D. 349 (D.D.C. 2020).......................................................................................21, 22, 23

*Jones v. Jindal*,
   409 F.App'x 356 (D.C. Cir. 2011).............................................................................................44

*United States ex rel. Keaveney v. SRA Int'l, Inc.*,
   219 F.Supp.3d 129 (D.D.C. 2016) .............................................................................................42

*Keyishian v. Bd. of Regents*,
   385 U.S. 589 (1967)...................................................................................................................17

*Lex Tex Ltd., Inc. v. Skillman*,
   579 A.2d 244 (D.C. 1990) .........................................................................................................10

*Mensah-Yawson v. Raden*,
   170 F.Supp.3d 222 (D.D.C. 2016) .........................................................................................6, 15

*Miron Lumber Co., Inc. v. Phylco Realty Dev. Co.*,
   151 Misc. 2d 139 (N.Y. Civ. Ct., Kings Cnty., 1991) ..............................................................23

*Morgan v. Richmond Sch. of Health & Tech., Inc.*,
   857 F.Supp.2d 104 (D.D.C. 2012) ...............................................................................................4

*N'Jai v. U.S. Dep't of Educ.*,
   111 F.4th 1288 (D.C. Cir. 2024)..................................................................................................4

*N'Jai v. U.S. Dep't of Educ.*,
   342 A.3d 1217 (D.C. 2025) .....................................................................................................5, 16

*N'jai v. U.S. Dep't of Educ.*,
   No. 22-5243, 2023 WL 3848363 (D.C. Cir. June 2, 2023) .......................................34, 36, 40

*N'Jai v. U.S. Dep't of Educ.*,
   No. 22-5243, 2025 WL 2977680 (D.C. Cir. Oct. 22, 2025).......................................................5

*Naartex Consulting Corp. v. Watt*,
  722 F.2d 779 (D.C. Cir. 1983) ................................................................................16

*Nat'l Auto. Dealers Ass'n v. F.T.C.*,
  670 F.3d 268 (D.C. Cir. 2012) ...............................................................................34

*PCA Procedures Manual – 2009*,
  US Dep't of Education, 1 (Sep. 2009) .....................................................................39

*Rahmani v. Resorts Int'l Hotel, Inc.*,
  20 F.Supp.2d 932 (E.D. Va. 1998), *aff'd,* 182 F.3d 909 (4th Cir. 1999) ...........................25, 26

*Regents of Univ. of Michigan v. Ewing*,
  474 U.S. 214 (1985).................................................................................................17

*Rockefeller v. Westinghouse Elec. Co.*,
  274 F.Supp.2d 10 (D.D.C. 2003) ............................................................................44

*Roland v Branch Banking & Tr. Corp.*,
  149 F.Supp.3d 61 (D.D.C. 2015).............................................................................18

*Rollins v. Wackenhut Servs., Inc.*,
  703 F.3d 122 (D.C. Cir. 2012).................................................................................44

*Rotkiske v. Klemm*,
  589 U.S. 8 (2019).....................................................................................................28

*Saunders v. Davis*,
  No. 15-CV-2026 (RC), 2016 WL 4921418 (D.D.C. Sep. 15, 2016) ......................26

*Segelstrom v. Citibank, N.A.*,
  76 F.Supp.3d 1 (D.D.C. 2014), *aff'd,* 617 F.App'x 4 (D.C. Cir. 2015)..........................42, 43

*Shaheen v. Smith*,
  994 F.Supp.2d 77 (D.D.C. 2013) ............................................................................12

*Shibeshi v. United States*,
  932 F.Supp.2d 1 (D.D.C. 2013) ..............................................................................13

*Stevens v. Del. State Univ.*,
  70 F.Supp.3d 562 (D.D.C. 2014) ............................................................................11

*Stoner v. Santa Clara Cnty. Office of Educ.*,
  502 F.3d 1116 (9th Cir. 2007) ................................................................................44

*Sweezy v. New Hampshire*,
  354 U.S. 234 (1957) (Frankfurter, J., concurring) ..................................................17

iv

*Taitz v. Obama*,
    707 F.Supp.2d 1 (D.D.C. 2010).......................................................................42, 43

*Triple Up Ltd. v. Youku Tudou Inc.*,
    235 F.Supp.3d 15 (D.D.C. 2017)............................................................................13

*United States v. Ferrara*,
    54 F.3d 825 (D.C. Cir. 1995)...................................................................................9

*Univ. of Cal. Regents v. Bakke*,
    438 U.S. 265 (1978), abrogated by *Students for Fair Admissions v. Harvard*,
    600 U.S. 181 (2023)................................................................................................17

*Weaver v. State of N.Y.*,
    7 F.Supp.2d 234 (W.D.N.Y. 1998).........................................................................23

*Wharf, Inc. v. Dist. of Columbia*,
    133 F.Supp.3d 29 (D.D.C. 2015)...........................................................24, 25, 27, 33

*Wiggins v. Brennan*,
    308 F.Supp.3d 274 (D.D.C. 2018).....................................................................25, 39

*Willis v. Willis*,
    655 F.2d 1333 (D.C.Cir.1981) ...............................................................................10

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980).........................................................................................14, 15

*Xie v Sklover & Co., LLC*,
    260 F.Supp.3d 30 (D.D.C. 2017).............................................................................6

*Zeneca Ltd. v. Mylan Pharm., Inc.*,
    173 F.3d 829 (Fed. Cir. 1999)................................................................................15

**Statutes**

5 U.S.C. §§ 551, *et seq* (Administrative Procedures Act) ............................................38

5 U.S.C. § 701.................................................................................................................38

5 U.S.C. § 704.................................................................................................................38

15 U.S.C. § 615...............................................................................................................32

15 U.S.C. § 623............................................................................................26, 27, 32, 34

15 U.S.C. § 1681-1681y-2.......................................................................................26, 32

15 U.S.C. § 1681, *et seq*. (Fair Credit Reporting Act)...................................... *passim*

15 U.S.C. § 1681c- 2..........................................................................................................34, 35

15 U.S.C. § 1681m.......................................................................................27, 32, 34, 35

15 U.S.C. § 1681n..................................................................................................................33

15 U.S.C. § 1681o..................................................................................................................33

15 U.S.C. § 1681p..................................................................................................................33

15 U.S.C. § 1681s..................................................................................................................33

15 U.S.C. § 1681s-2..........................................................................................32, 33, 34, 35

15 U.S.C. § 1692, *et seq.* (Fair Debt Collection Practices Act, "FDCPA")........................... *passim*

15 U.S.C. § 1692a..........................................................................................................29, 30

15 U.S.C. § 1692d..........................................................................................................28, 30

15 U.S.C. § 1692e..................................................................................................................31

15 U.S.C. § 1692f ..........................................................................................................29, 31

15 U.S.C. § 1692h..........................................................................................................27, 32

15 U.S.C. § 1692k..................................................................................................................28

18 U.S.C. § 1028..........................................................................................................25, 26

20 U.S.C. § 668.53..................................................................................................................36

20 U.S.C. § 1001 *et seq.* (Higher Education Act)................................................................11, 14

28 U.S.C. § 1332..........................................................................................................38, 39

28 U.S.C. § 2671..................................................................................................................40

28 U.S.C. §§ 2671–2680 (Federal Tort Claims Act, "FTCA")) ......................................................38

31 U.S.C. § 3729..........................................................................................................40, 41, 42

31 U.S.C. §§ 3729–3733 (False Claims Act, "FCA") .................................................41, 42, 43, 44

31 U.S.C. §§ 3729-3733 .......................................................................................................41

31 U.S.C. § 3730..........................................................................................................41, 42, 43, 44

40 U.S.C. § 101 *et seq.* (2022) (Federal Property and Administrative Services Act
   of 1949 "FPASA") .........................................................................................................41

40 U.S.C. § 123.............................................................................................................40, 41

40 U.S.C. § 545.................................................................................................................41

28 U.S.C. §§ 1346, 2671–2680 (Federal Torts Claims Act [FTCA])..............................38, 39, 40

D.C. Code § 13-422 ..........................................................................................................7

D.C. Code § 13-423 .......................................................................................9, 10, 11, 12

60 Stat. 842-843, § 402 ..................................................................................................40

84 Stat. 1128, § 601 .......................................................................................................26

91 Stat 874, §801 ...........................................................................................................26

## Rules

Fed. R. Civ. P. 4................................................................................................ *passim*

Fed. R. Civ. P. 8.................................................................................................24, 27, 39

Fed. R. Civ. P. 12 ............................................................................................. *passim*

D.C. Super. Ct. R. Civ. P. 4 ...........................................................................18, 21, 22

N.Y. C.P.L.R. § 312–a.......................................................................................23

## Regulations

12 C.F.R. Pt. 1022, App.................................................................................27, 35, 36

34 C.F.R. § 600.2.............................................................................................37

34 C.F.R. § 668-53...........................................................................................36

34 C.F.R. § 668.14...........................................................................................11

34 C.F.R. § 685.102.........................................................................................37

34 C.F.R. § 685.206.........................................................................................36, 37

34 C.F.R. § 685.222.........................................................................................36, 37, 38

## Constitutional Provisions

U.S. Const. amend. I .......................................................................................4, 5, 16, 17

U.S. Const. amend. XIV ..................................................................................6, 7, 13

**Other Authorities**

Federal Student Aid, Department of Education, *2024-2025 Federal Student Aid Handbook, Chapter 1: Institutional Eligibility*, available at https://fsapartners.ed.gov/knowledge-center/fsa-handbook/2024-2025/vol2/ch1-institutional-eligibility (last visited Feb. 10, 2026) .........................................14

Federal Student Aid, Department of Education, *Program Participation Agreements*, available at https://studentaid.gov/data-center/school/ppa (last visited Feb. 10, 2026)...................................................................................................14

Federal Student Aid, U.S. Department of Education, *Master Promissory Note (MPN)*, available at https://studentaid.gov/mpn (last visited Feb. 10, 2026) ..........................14

Federal Student Aid, U.S. Department of Education, *Program Participation Agreements*, https://studentaid.gov/data-center/school/ppa......................................................11

*Undergraduate Admissions,* NYU (last visited Feb. 19, 2026), https://www.nyu.edu/footer/contact-us.html ........................................................................20

## PRELIMINARY STATEMENT

Pursuant to the Court's January 26, 2026 minute order, Defendants Long Island University and New York University (collectively, the "Universities") respectfully submit this memorandum in support of their renewed motion to dismiss Plaintiff Jacquelyn B. N'Jai's amended complaint (the "Amended Complaint") (Dkt. 24) pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(2) for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(5) for insufficient service of process, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] The Court should dismiss the case against the Universities with prejudice.

## BACKGROUND

### I.    FACTUAL BACKGROUND

Defendant Long Island University ("LIU") is a private university chartered in New York. *See* the Affidavit of Christopher Fevola, Vice President and Chief Financial Officer of LIU, sworn to June 4, 2020, in support of LIU's Motion to Dismiss ("Fevola Aff."), Dkt. 56-1 at ¶ 3 and Ex. A ("LIU Charter") thereto, Dkt. 56-2.[2] Its main campus is located at 720 Northern Boulevard, Brookville, New York 11548. Fevola Aff., Dkt. 56-1 at ¶ 4. LIU's Office of University Counsel is located at 700 Northern Boulevard, Brookville, New York 11548. *Id.* at ¶ 5. LIU's Brooklyn campus is located at 1 University Plaza, Brooklyn, New York 11201. *Id.* at ¶ 6. LIU's primary business purpose is education. *Id.* at ¶ 7. Plaintiff attended LIU from Summer 1986 through Fall

---

[1] The paragraphs contained in the Amended Complaint are not consistently numbered. Paragraphs in the Statement of Facts section will be cited as "SOF ¶" while paragraphs contained in the Counts will simply be preceded by "¶".

[2] Defendant LIU cites here to the affidavit previously filed (Dkt. 56-1) in support of its initial motion to dismiss. As stated in LIU's February 19, 2026 motion for leave to file a supplemental declaration (Dkt. 153), we are in the process of finalizing and filing a more recently sworn declaration, which will address the same issues as the prior declaration.

1987. *Id.* at ¶ 8 and Ex. B attached thereto, Dkt. 56-3. Plaintiff did not attend any classes in Washington D.C. while studying at LIU. *Id.* at ¶ 9 and Ex. B attached thereto, Dkt. 56-3.

Defendant New York University ("NYU") is a not-for-profit, private educational institution incorporated under the education laws of the State of New York. *See* the Decl. of Soomie Han, Assistant Registrar at NYU, executed February 19, 2026, in support of NYU's Mot. to Dismiss ("Han Decl.") ¶ 3–7 and Ex. A ("NYU Amendment of Charter") attached thereto. NYU's primary campus is located in New York, New York. Han Decl. ¶ 4. NYU's Office of General Counsel is located at 70 Washington Square South, 11th floor, New York, New York 10012. *Id.* at ¶ 5. The address 383 Lafayette Street, New York, NY 10003 is the mailing address that NYU provides to incoming students for questions pertaining to the Offices of Financial Aid, Registrar, and Bursar. *Id.* at ¶ 6. NYU's primary business purpose is education. *Id.* at ¶ 7. Plaintiff attended NYU from 1988 through 1989. *Id.* at ¶ 8 and Dkt. 56-7. Plaintiff did not attend any classes in Washington D.C. while studying at NYU. *See* Han Decl. ¶ 9 and Dkt. 56-7.

Plaintiff alleges that she took out student loans to finance her education at LIU and NYU and that she has repaid those loans in full. Dkt. 102 ("Memorandum Opinion" and "Mem. Op.") at 2. She alleges that Defendants and others conspired to fraudulently take out additional student loans in her name. *Id.* Specifically, she alleges that, in 1993, an analyst for Chase Bank falsely certified several new student loans, and then both NYU and LIU signed her name on loan applications without her consent or knowledge. *Id.* She brings a variety of statutory claims against Defendants in her 79-page complaint. *Id.*

Plaintiff states that she moved back to Pennsylvania in 1989, *see* Am. Compl. ¶ 52, and per the address provided on her filings, she still resides there, *see* Am. Compl., Cover Page. Plaintiff also alleges that "[it] appears that thefts/scams began sometimes in 1993, after she moved

2

back to PA in 1989." Am. Compl. ¶ 53. Thus, for the purposes of this motion, Plaintiff is treated as a citizen of Pennsylvania.

## II.    PROCEDURAL BACKGROUND

Plaintiff originally filed suit against LIU, NYU, and other defendants on September 9, 2019. *See* Dkt. 1 ("Complaint"). The Complaint was allegedly served on Defendants via mail "by restricted delivery with signed return receipt." *See* Certificate of Service, Dkt. 4. (Oct. 17, 2019).

Plaintiff subsequently filed the Amended Complaint on April 1, 2020. *See* Dkt. 24. The Amended Complaint was sent by Plaintiff to Defendants via U.S. Mail. *See* Certificate of Service, Dkt. 22 (Mar. 9, 2020); Affidavit of Mailing, Dkt. 48 (May 21, 2020).

LIU received the Amended Complaint, which had been mailed to the address 1 University Plaza, Brooklyn, New York 11201, and a Process Receipt and Return regarding LIU's service was received by the Court on March 17, 2020. *See* Return of Service/Affidavit of Summons and Complaint Executed, Dkt. 17 (Mar. 17, 2020). Plaintiff apparently mailed the Amended Complaint to NYU at the address 70 Washington Square South, 11th Floor, New York, New York 10012. *See* Certificate of Service, Dkt. 22 (Mar. 9, 2020). On May 18, 2020, a Process Receipt and Return was filed with the Court regarding NYU's service of the Amended Complaint. *See* Return of Service/Affidavit of Summons and Complaint Executed, Dkt. 46 (May 18, 2020) ("NYU Process Receipt and Return"). However, the NYU Process Receipt and Return does not include a green receipt card from NYU indicating receipt. *See id.*

On June 6, 2020, the Universities moved to dismiss the Amended Complaint. Dkt. 56. The Court dismissed Plaintiff's claims against the Universities on March 31, 2021 for lack of personal jurisdiction. *See* Mem. Op., Dkt. 102 (Mar. 31, 2021). Specifically, this Court held that it had "neither general nor specific jurisdiction over" the Universities. *Id.* at 8–14. As the Court explained, the only purported contact on which Plaintiff relied (which was not alleged in the

Amended Complaint but raised in opposition to the motion to dismiss) was the Universities'

contractual relationship with the U.S. Department of Education ("DOE") in connection with

federal student-loan programs. *Id.* at 11. Applying then-governing precedent, the Court concluded

that Plaintiffs' asserted contacts between the Universities and the DOE regarding Plaintiff's loans

were "'legally insufficient to establish [specific] personal jurisdiction under the government

contacts exception,'" which prevents the exercise of specific personal jurisdiction over non-

residents in the District of Columbia when the conduct in question "involves uniquely

governmental activities." *Id.* at 11–14 (quoting and citing *Morgan v. Richmond Sch. of Health &*

*Tech., Inc.*, 857 F.Supp.2d 104, 108 (D.D.C. 2012)).

Plaintiff appealed the Court's dismissal to the U.S. Court of Appeals for the D.C. Circuit.

*See* Notice of Appeal, Dkt. 143 (Sep. 20, 2022). On appeal, the D.C. Circuit considered whether

the government contacts exception precluded the exercise of specific personal jurisdiction over the

Universities. The court explained that "a key question is whether that exception is confined to First

Amendment activity (and if so, what kinds of activity qualify)." *N'Jai v. U.S. Dep't of Educ.*, 111

F.4th 1288, 1291 (D.C. Cir. 2024). However, due to "continuing uncertainty" about the scope of

the government contacts exception under District of Columbia law, the D.C. Circuit certified the

following two questions to the D.C. Court of Appeals:

> (1) Under District of Columbia law, is the government contacts exception to personal jurisdiction limited to First Amendment activity between the defendant and a government entity?
>
> (2) If the first question is answered in the affirmative, are the contacts with the Department of Education alleged in the amended complaint here covered under the exception?

*Id.* at 1293.

The D.C. Court of Appeals answered the first question in the affirmative, holding that,

under District of Columbia law, "the government-contacts exception applies only if a defendant

4

can establish that relying on the conduct at issue as a basis for personal jurisdiction would violate the First Amendment." *N'Jai v. U.S. Dep't of Educ.*, 342 A.3d 1217, 1222 (D.C. 2025). The D.C. Court of Appeals declined to address the second question, *i.e.*, whether the Universities' contacts with DOE implicate the First Amendment.

Subsequently, the D.C. Circuit vacated this Court's earlier order dismissing Plaintiff's claims for lack of personal jurisdiction and instructed this Court on remand to "consider any remaining federal constitutional objections to personal jurisdiction before addressing, if necessary, the merits." *N'Jai v. U.S. Dep't of Educ.*, No. 22-5243, 2025 WL 2977680, at *1 (D.C. Cir. Oct. 22, 2025) (*see also* Dkt. 148). *Id.* On January 26, 2026, this Court ordered Defendants "to renew their motions to dismiss, addressing recent developments in the law, and in particular, the issue of personal jurisdiction."

## ANALYSIS

## POINT I

### DISMISSAL IS WARRANTED PURSUANT TO FED. R. CIV. P. 12(B)(2) AS THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE UNIVERSITIES

This Court should again dismiss the claims against NYU and LIU for lack of personal jurisdiction. Plaintiff fails to allege any forum contacts sufficient to support either general or specific jurisdiction over the Universities. The decision on appeal does nothing to bolster Plaintiff's position on this issue.

"Plaintiff bears the burden of establishing personal jurisdiction over each individual defendant" and "must allege specific facts on which personal jurisdiction can be based." *Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp 2d 34, 42 (D.D.C. 2003) (citations omitted), *appeal dismissed*, No. 03-7166, 2003 WL 22971974. Though the Court has an "obligation to construe a *pro se* complaint liberally[,] a *pro se* plaintiff is not 'freed from the requirement to plead an adequate

5

jurisdictional basis for [his] claims.'" *Mensah-Yawson v. Raden*, 170 F.Supp.3d 222, 228 (D.D.C. 2016) (quoting *Gomez v. Aragon,* 705 F.Supp.2d 21, 23 (D.D.C. 2010)). Moreover, "[i]n resolving a motion to dismiss for lack of personal jurisdiction, the Court is not limited to the four corners of the operative complaint, but rather may receive and weigh affidavits and other relevant matter to assist in determining jurisdictional facts." *Xie v Sklover & Co., LLC*, 260 F.Supp.3d 30, 37 (D.D.C. 2017) (internal quotations and citations omitted).

For a defendant to be subject to personal jurisdiction in the District of Columbia, "[f]irst, the defendant must qualify for either general or specific jurisdiction under the relevant District of Columbia statutes" and "[s]econd, the exercise of jurisdiction over the defendant must comply with the Due Process Clause of the Fourteenth Amendment." *Bradley v. DeWine*, 55 F.Supp.3d 31, 39 (D.D.C. 2014) (citations omitted). Under this standard, applying the relevant D.C. statutes, this Court has neither general personal jurisdiction nor specific personal jurisdiction over the Universities here.

### A.    LIU and NYU are Not Subject to General Personal Jurisdiction in The District of Columbia

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State." *Bristol–Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017). Here, as this Court previously correctly decided, neither LIU nor NYU has the requisite affiliations with the District of Columbia to be subject to general personal jurisdiction.[3]

---

[3] This Court previously concluded that "general jurisdiction cannot be asserted over [LIU or NYU]," *see* Mem. Op. at 8–9.  That conclusion was not addressed or altered by the D.C. Circuit or the D.C. Court of Appeals, which considered only the limited issue concerning the scope of the government contacts exception to specific jurisdiction under the District of Columbia long-arm statute.

6

### i) LIU and NYU are Not Subject to General Personal Jurisdiction in the District of Columbia Under Relevant District of Columbia Statutes

District of Columbia law provides for general jurisdiction only "over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in" the District. D.C. Code § 13-422. Plaintiff does not allege—nor could she—that either LIU or NYU meets these criteria. Both universities are chartered in New York and maintain their principal places of business in New York. *See* Fevola Aff. ¶ 3–4 (Dkt. 56-1) and Ex. A attached thereto (LIU Charter) (Dkt. 56-2); Han Decl. ¶ 3–4 and Ex. A attached thereto (NYU Amendment of Charter). Accordingly, they are not subject to general jurisdiction in the District. *See Canuto v. Mattis*, 273 F.Supp.3d 127, 139 (D.D.C. 2017) (no general jurisdiction where defendant averred it was neither incorporated in nor had its principal place of business in the District and plaintiff alleged no facts satisfying § 13-422).

### ii) Exercising General Personal Jurisdiction Over LIU and NYU in the District of Columbia Would Violate the Due Process Clause of the Fourteenth Amendment

Additionally, exercise of general jurisdiction over the Universities is not permitted under the Due Process Clause. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (internal quotations and citation omitted). For a corporation, this "equivalent place" is "the place of incorporation and principal place of business." *Id.* Although the Supreme Court has acknowledged that general jurisdiction is not strictly limited to those forums, it has cautioned that "the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business" would be "unacceptably grasping." *Id.* at 138 (internal quotation and citation omitted). Ultimately, "the inquiry . . . is whether that corporation's

affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Id.* at 138–39 (internal quotations and citations omitted).

In *Daimler*, for example, the Court held that a German corporation with a U.S. subsidiary that maintained its principal place of business in New Jersey was not subject to general jurisdiction in California even though it distributed vehicles nationwide, including in California. *Id.* at 121-22. The Court emphasized that it would be "an exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 139 n.19. The Court reaffirmed that principle in *BNSF*, finding no general jurisdiction in Montana even though the railroad operated more than 2,000 miles of track and employed more than 2,000 workers there, because it was neither incorporated nor headquartered in the state and the claims were unrelated to forum activities. 581 U.S. 402, 414 (2017).

This is not an "exceptional case" that triggers general jurisdiction in the District of Columbia. Both LIU and NYU are chartered in New York and maintain their principal places of business there. *See* Fevola Aff. ¶¶ 3-4 (Dkt. 56-1) and Ex. A attached thereto (Dkt. 56-2); Han Decl. ¶¶ 3-4 and Ex. A attached thereto. Any contacts that the Universities may have with the District of Columbia do not make them "at home." In prior briefing, Plaintiff argued that NYU maintains a satellite campus in the District of Columbia[4]; however, this Court concluded that the existence of a satellite campus "does not constitute an affiliation with the District that is 'so continuous and systematic as to render [New York University] essentially *at home*' there." *See*

---

[4] Plaintiff does not allege that she attended or otherwise interacted with the D.C. campus, and there is no record that she ever attended classes there. *See* Han Decl. ¶ 9 and Dkt. 56-7.

Mem. Op. at 9 (citing and quoting *Daimler*, 571 U.S. at 138–39 (emphasis added)). Accordingly, neither LIU nor NYU is subject to general personal jurisdiction in the District of Columbia.

**B.    LIU and NYU are Not Subject to Specific Personal Jurisdiction in The District of Columbia in This Matter**

To establish specific personal jurisdiction, a plaintiff must "(1) plead facts sufficient to show that jurisdiction is appropriate under the District of Columbia's long-arm statute *and* (2) satisfy the 'minimum contacts' demands of constitutional due process." *Fuentes–Fernandez & Co. v. Caballero & Castellanos, PL*, 770 F.Supp.2d 277, 281 (D.D.C. 2011) (quoting *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)). Here, neither the District of Columbia statute nor the Due Process Clause provides a basis for specific personal jurisdiction over LIU or NYU, even independent of any application of the government contacts exception.

**i)    LIU and NYU are Not Subject to Specific Personal Jurisdiction in the District of Columbia Under Relevant District of Columbia Statutes**

The District of Columbia's long-arm statute, D.C. Code § 13-423, enumerates the possible bases for personal jurisdiction over nonresidents. Section 13-423(a) states in part that "[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia."[5] *Id.* at § 13-423(a)(1). In addition, section 13-423(b) limits jurisdiction under all

---

[5] The Amended Complaint does not invoke any subsection of § 13-423(a) as a basis for jurisdiction, or allege facts that would plausibly satisfy any of them. *See* Dkt. 24. The Universities therefore address § 13-423(a)(1) ("transacting any business") only arguendo, as it is the only provision Plaintiff's prior briefing could be construed to implicate, and do not concede that it applies or that its requirements are satisfied. The remaining statutory bases for jurisdiction are omitted as inapplicable. Sections 13-423(a)(3) and (a)(4), for example, require allegations of "tortious injury in the District of Columbia," D.C. Code §§ 13- 423(a)(3)-(4), but the Amended Complaint contains none. Though Plaintiff does not explicitly address personal jurisdiction in the Amended Complaint, she indicates that she is a citizen of Pennsylvania and has been for the duration of the alleged activities. *See, e.g.,* Am. Compl. ¶ 168. There is no allegation that Plaintiff was a resident of, suffered any harm in, or was ever even present in the District of Columbia while the alleged activity was occurring. Thus, § 13-423 (a)(3) and § 13-423(a)(4) could not be used to

subsections, because "only a claim for relief *arising from* acts enumerated in this section may be asserted." *Id.* at § 13-423(b) (emphasis added). "Section 13–423 by its terms thus limits assertions of personal jurisdiction to claims 'arising from' the transacting of business in the District of Columbia[.]" *Lex Tex Ltd., Inc. v. Skillman*, 579 A.2d 244, 247 (D.C. 1990).

Here, Plaintiff does not address personal jurisdiction in the Amended Complaint, let alone identify any applicable provision of the long-arm statute that purportedly confers personal jurisdiction or allege facts that would satisfy any of the enumerated bases. *See* Am. Compl., Dkt. 24. This failure alone is sufficient to defeat specific jurisdiction. *See Fuentes-Fernandez & Co. v. Caballero & Castellanos, P.L.*, 770 F.Supp.2d at 281 (failure to allege facts establishing any statutory basis for jurisdiction requires dismissal under Rule 12(b)(2)). Plaintiff further "concede[d] that the 'acts and omissions' of both New York University and Long Island University that are relevant to this action occurred 'outside of DC.'" *See* Mem. Op. at 11 (citing and quoting Pl.'s Br. in Opp'n to Defs.' Mots. at 2). That concession also should have been the end of this suit. *See Willis v. Willis,* 655 F.2d 1333, 1336 (D.C.Cir.1981) ("The District of Columbia courts have interpreted section 13–423(b) as a bar to claims unrelated to the acts forming the basis for personal jurisdiction.").

The only asserted basis for personal jurisdiction was asserted not in the Amended Complaint, but in prior briefing: Plaintiff argued that this Court could exercise jurisdiction over the Universities because of "'a contractual relationship' with the Department of Education ('DOE') regarding N'Jai's student loans." *See* Mem. Op., Dkt. 102 at 11 (citing Pl.'s Br. in Opp'n to Defs.' Mots., Dkt. 64, at 4-5, 7). This presumably refers to the Universities' participation in the federal student-aid programs authorized under Title IV of the Higher Education Act, which

confer specific jurisdiction over either LIU or NYU in this case.

requires eligible institutions to enter into Program Participation Agreements (PPAs) with DOE and comply with specified reporting, certification, and regulatory requirements to disburse federal financial aid to students. *See* 34 C.F.R. § 668.14(a); Federal Student Aid, U.S. Dep't of Educ., *Program Participation Agreements*, https://studentaid.gov/data-center/school/ppa.

As an initial matter, contacts flowing from universities' regulatory participation in federal student-aid programs administered by DOE are insufficient to establish personal jurisdiction. *See Stevens v. Del. State Univ.*, 70 F.Supp.3d 562, 565 (D.D.C. 2014) (where "the only contacts alleged are that the University accepts federal student loan money from a government agency on behalf of its students … even if the government contact exception did not apply, the contacts at issue would be unlikely to form a basis of personal jurisdiction.") Further, to invoke the "transacting any business" provision of the long-arm statute, "[a] plaintiff must show that [a] defendant has purposefully engaged in [a] *commercial or business-related activity* directed at D.C. residents. *Capel v. Capel*, 272 F.Supp.3d 33, 39 (D.D.C. 2017) (emphasis in original)) (quoting *Holder v. Haarmann & Reimer Corp.*, 779 A.2d 264, 270–71 (D.C. 2001)). Regulatory participation or compliance with federally administered programs, including as applying for eligibility, submitting certifications, or administering federally funded aid—does not constitute the kind of deliberate commercial activity directed at District residents contemplated by the long-arm statute.

Even if such contacts could be characterized as "transacting any business" in the District under § 13-423(a)(1), or as satisfying any other enumerated basis—and they cannot—jurisdiction would still be foreclosed by § 13-423(b) because Plaintiff has not shown that her "claim for relief aris[es] from" those alleged contacts. *See* D.C. Code § 13–423(b); *Shaheen v. Smith*, 994 F.Supp.2d 77, 86 (D.D.C. 2013) ("The D.C. long-arm statute only reaches a cause of action that arises from the defendant's jurisdictional ties to the District."). Plaintiff does not allege that she

was harmed by the Universities' participation in the federal student-aid programs, nor does the Amended Complaint contain any facts identifying a PPA or other conduct in the District from which her claims purportedly arise. Plaintiff instead offers only conclusory allegations regarding a "contractual relationship," devoid of any specifics regarding contacts with the District or any nexus to her claims. *See, e.g.*, Am. Compl. ¶¶ 38-39 (alleging NYU refused to give her a transcript and turned her name over "to collections"). Again, Plaintiff affirmatively conceded that the relevant "acts and omissions" occurred "outside of DC." Mem. Op. at 11 (citing Pl.'s Opp'n to Defs.' Mots., Dkt. 63, at 2).

Plaintiff has not carried her burden of demonstrating personal jurisdiction over the Universities under the District of Columbia long-arm statute. Conclusory assertions about alleged contacts with DOE cannot substitute for specific jurisdictional facts, and the Court need not credit such "bare allegations" in assessing personal jurisdiction. *Shaheen*, 994 F.Supp.2d at 81 ("Although factual discrepancies in the record must be resolved in favor of the plaintiff, a court need not accept the plaintiff's 'conclusory statements' or 'bare allegations' regarding the defendant's actions in a selected forum.") (citing *GTE New Media Servs. Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1349 (D.C. Cir. 2000)). Because Plaintiff cannot establish specific jurisdiction under the District of Columbia long-arm statute, the Court need not reach the constitutional inquiry; in any event, the exercise of jurisdiction independently fails under the Due Process Clause.

### ii) LIU and NYU are Not Subject to Specific Personal Jurisdiction in the District of Columbia Under the Due Process Clause of the Fourteenth Amendment

The Supreme Court consistently has held that specific jurisdiction exists only where a defendant purposefully avails itself of the privilege of conducting activities within the forum state, and the suit arises out of or relates to those contacts. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359-60 (2021). This inquiry focuses on the "nature and extent of 'the defendant's

relationship to the forum State.'" *Id.* at 358 (quoting *Bristol-Myers Squibb Co.*, 582 U.S. at 262). Where there is no such connection between the forum and the underlying controversy, specific jurisdiction is lacking regardless of any unrelated activities in the forum. *Id*. at 264–65. Plaintiff bears the burden of "establishing a factual basis for the exercise of personal jurisdiction over each defendant," *Triple Up Ltd. v. Youku Tudou Inc.*, 235 F.Supp.3d 15, 20 n.1 (D.D.C. 2017), and cannot rely on conclusory allegations, but rather "must allege specific facts connecting the defendant with the forum," *Shibeshi v. United States*, 932 F.Supp.2d 1, 2 (D.D.C. 2013) (citing *Cap. Bank Int'l Ltd. v. Citigroup, Inc.*, 276 F. Supp. 2d 72, 74 (D.D.C. 2003).

Again, the Amended Complaint alleges no specific facts connecting the Universities to the District of Columbia, no facts demonstrating that either "purposefully avail[ed] itself *of the privilege of conducting activities within the forum State*," and no facts demonstrating that this suit "arise[s] out of or relate[s] to" activities within the District. *See Ford Motor Co.*, 592 U.S. at 359 (emphasis added); *Shibeshi*, 932 F.Supp.2d at 2-3. Plaintiff suggested in prior briefing that jurisdiction might rest on an alleged "contractual relationship" between the Universities and DOE. *See* Mem. Op., Dkt. 102 at 11. But no details of any contractual relationship is pled in the Amended Complaint, and no facts show that Plaintiff's claims "arise out of or relate to" any contractual relationship between NYU or LIU and DOE. *See Ford Motor Co.*, 592 U.S. at 359. That is likely for good reason: A federal student loan forms a contractual relationship between *the student* and the Department of Education, not the *postsecondary institution* and the Department of Education. *See generally* Federal Student Aid, U.S. Department of Education, *Master Promissory Note (MPN)*, available at https://studentaid.gov/mpn (last visited Feb. 10, 2026). It is true that schools must be eligible for and apply to participate in the Federal Student Financial Aid Programs, *see, e.g.*, Federal Student Aid, Department of Education, *2024-2025 Federal Student Aid Handbook,*

*Chapter 1: Institutional Eligibility*, available at https://fsapartners.ed.gov/knowledge-center/fsa-handbook/2024-2025/vol2/ch1-institutional-eligibility (last visited Feb. 10, 2026), and must enter into a Program Participation Agreement in order to "participate in those student financial assistance programs authorized under Title IV of the Higher Education Act of 1965," *see* Federal Student Aid, Department of Education, *Program Participation Agreements*, available at https://studentaid.gov/data-center/school/ppa (last visited Feb. 10, 2026). But Plaintiff does not allege that her claims arise out of or relate to either University's *certification as a participating institution*. They arise from alleged "acts and omissions" that she agrees occurred "outside of DC." *See* Mem. Op. at 11 (citing Pl.'s Opp'n to Defs.' Mots., Dkt. 63, at 2).

Even apart from the absence of any purposeful availment and nexus, exercising jurisdiction here would not be constitutionally reasonable. In assessing reasonableness, courts consider the forum's interest in adjudicating the dispute and the shared interests of the States in furthering fundamental substantive policies. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). The Supreme Court also has made clear that the "requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477–78 (1985) (quoting *World-Wide Volkswagen*, 444 U.S. at 292).

Exercising jurisdiction over the Universities here is neither constitutionally reasonable nor consistent with the notion of fair play. This dispute concerns alleged conduct outside of the District by universities located in New York, involving a plaintiff who is not a District resident and who claims injuries unrelated to any activities in this forum. The District therefore has little interest in adjudicating the matter. And requiring nonresident universities to defend such claims here based on unpleaded and unattenuated contacts that are, at most, the product of geographic

14

happenstance—because the federal government is located here—would impose precisely the type of burden the Due Process Clause is intended to prevent. *See Burger King*, 471 U.S. at 477–78; *see also Zeneca Ltd. v. Mylan Pharm., Inc.*, 173 F.3d 829, 832 (Fed. Cir. 1999) (explaining that contacts with a federal agency located in forum are insufficient where jurisdiction would rest in part on the "fortuity" of the agency's location rather than deliberate forum-directed conduct).

Though courts must construe a *pro se* complaint liberally, a *pro se* plaintiff is not "'freed from the requirement to plead an adequate jurisdictional basis for [his] claims.'" *Mensah-Yawson v. Raden*, 170 F.Supp.3d 222, 228 (D.D.C. 2016) (quoting *Gomez v. Aragon,* 705 F.Supp.2d 21, 23 (D.D.C. 2010)). Personal jurisdiction cannot be premised on vague and conclusory assertions, particularly where doing so would offend the traditional notions of "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quoting and citing *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Co. & Placement*, 326 U.S. 310, 316 (1945)). For all of these reasons, exercising specific personal jurisdiction over LIU and NYU  would violate the Due Process Clause, and the claims against them should be dismissed under Rule 12(b)(2).

### iii)     The Government Contacts Exception, As Clarified by the D.C. Court of Appeals, Continues to Preclude Specific Personal Jurisdiction Here

Even after the D.C. Court of Appeals clarified that the government contacts exception is limited to activity implicating the First Amendment, the exception continues to apply here to bar personal jurisdiction over the Universities. *See N'Jai*, 342 A.3d at 1222.

The Universities' alleged contacts with DOE consist of regulatory participation—including applications, certifications, reporting, and compliance—required to participate in federally administered student-aid programs. Courts in this Circuit have long recognized that communications with federal agencies undertaken to obtain or maintain regulatory approval can constitute protected petitioning activity. This is true even under the First Amendment analysis of

15

the exception that the D.C. Court of Appeals recently endorsed. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787 (D.C. Cir. 1983) (appearances before the Department of the Interior to acquire or defend a government lease constituted petitioning activity, even where undertaken to protect proprietary interests); *Inv. Co. Inst. v. United States*, 550 F. Supp. 1213, 1216–17 (D.D.C. 1982) (efforts to obtain governmental permission to conduct business—including filings and communications with the SEC and related regulators—constitute protected petitioning activity, even when undertaken for commercial purposes). Here, participation in federal student-aid programs requires institutions to apply for eligibility, enter into PPAs, and submit certifications and reports. These interactions are not ordinary commercial dealings, but rather efforts to obtain and maintain federal permission to participate in a congressionally created program administered by a federal agency—conduct analogous to the category of petitioning activity recognized in these cases.

Moreover, participation in federally administered financial-aid programs is inextricably intertwined with the Universities' core educational functions and missions, which involve teaching, scholarship, and the dissemination of knowledge—activities long recognized as implicating First Amendment values and academic freedom. *See Keyishian v. Bd. of Regents*, 385 U.S. 589, 603 (1967); *Barenblatt v. United States*, 360 U.S. 109, 112 (1959); *see also Bd. of Regents of Univ. of Wis. Sys. v. Southworth*, 529 U.S. 217, 239 (2000) (Souter, J., concurring) ("a university's discretion to shape its educational mission may prove to be an important consideration in First Amendment analysis"); *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 226 n.12 (1985) ("Discretion to determine, on academic grounds, who may be admitted to study, has been described as one of 'the four essential freedoms of a university.'") (quoting *Univ. of Cal. Regents v. Bakke*, 438 U.S. 265, 312 (1978), abrogated by *Students for Fair Admissions v. Harvard*, 600

16

U.S. 181 (2023), and *Sweezy v. New Hampshire*, 354 U.S. 234, 263 (1957) (Frankfurter, J., concurring)). Interactions with DOE that enable institutions to enroll and educate students who rely on federal financial aid therefore facilitate constitutionally protected First Amendment educational activity.

Accordingly, even under the formulation of the government contacts exception most recently articulated by the D.C. Court of Appeals, the Universities' alleged contacts with DOE cannot supply a basis for specific jurisdiction under District law. In any event, as explained above, Plaintiff does not allege facts showing that her claims even arise from those contacts, and therefore jurisdiction remains lacking under both the long-arm statute and the Due Process Clause.

## POINT II

### DISMISSAL IS WARRANTED PURSUANT TO FED. R. CIV. P. 12(B)(5) AS NEITHER LIU NOR NYU HAS BEEN PROPERLY SERVED

LIU and NYU have still yet to be properly served and therefore all counts should be dismissed against the Universities pursuant to Fed. R. Civ. P. 12(b)(5). *See* Fed. R. Civ. P. 12(b)(5). If a defendant has not been properly served, then the Court does not have personal jurisdiction over that defendant. *See, e.g., Candido v. Dist. of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007) (citations omitted) ("[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant."). The Universities' notice of the litigation and the instant filing does not absolve Plaintiff of her responsibility to properly serve the Universities. *See Brodie v. Worthington*, CIV.A. 09-1828, 2010 WL 3892882, at *3 (D.D.C. Sep. 27, 2010), *report and recommendation adopted,* CIV.A. 0901828 HHK, 2011 WL 3855475 (D.D.C. Aug. 31, 2011) (citations omitted) (finding "actual notice [of the litigation by Defendants] does not correct defective service of process[.]") Though a *pro se* Plaintiff may receive "some leniency in applying the rules for effecting service of process,", the

17

burden is still on Plaintiff to show that service was proper. *See Roland v Branch Banking & Tr. Corp.*, 149 F.Supp.3d 61, 66 (D.D.C. 2015). The Court is permitted to look outside of the pleadings when determining the sufficiency of service. *See id*.

Fed. R. Civ. P. 4(h)(1) governs service on a corporation "in a judicial district of the United States" and provides two options for service. *See* Fed. R. Civ. P. 4(h)(1). The first is "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(A). In this regard, Fed. R. Civ. P. 4(e)(1) states that service is sufficient if it is done "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The second option is service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" and, if statutorily required, also serving that defendant by mail. Fed. R. Civ. P. 4(h)(1)(B).

Plaintiff therefore had three options for proper service of process: Fed. R. Civ. P. 4(h)(1)(B), District of Columbia law, and New York law. Including the Complaint (Dkt. 1) and the Amended Complaint (Dkt. 24), Plaintiff has attempted to serve process on the Universities three times each. *See* Certificate of Service, October 2019, Dkt. 4; LIU Process Receipt and Return, Dkt. 17; Certificate of Service, March 2020, Dkt. 22; NYU Process Receipt and Return, Dkt. 46. However, none of these attempts has complied with District of Columbia, New York, or federal service requirements, and as such, neither NYU nor LIU has ever been properly served.

First, Plaintiff did not satisfy the service requirements of Fed. R. Civ. P. 4(h)(1)(B). All of the attempted services to LIU and NYU have been via mail; Plaintiff's Certificates of Service and Affidavit of Mailing all explicitly state that the documents were mailed, and the Process Receipt and Return from the U.S. Marshals Service for both LIU and NYU does not have the box indicating

18

personal service marked off and instead includes certified mail receipts. *See* Certificate of Service, October 2019, Dkt. 4; Certificate of Service, March 2020, Dkt. 22; Affidavit of Mailing, Dkt. 48; LIU Process Receipt and Return, Dkt. 17; NYU Process Receipt and Return, Dkt. 46. However, Fed. R. Civ. P. 4(h)(1)(B) requires "delivering." *See* Fed. R. Civ. P. 4(h)(1)(B).

Even if mailing were permitted as a mode of service, the mailings would need to be received by an authorized individual, namely "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(h)(1)(B). Here, the documents that Plaintiff has filed purporting to show service do not indicate who, if anyone, at the intended destinations received the mailing. *See* Certificate of Service, October 2019, Dkt. 4; Certificate of Service, March 2020, Dkt. 22; LIU Process Receipt and Return, Dkt. 17; NYU Process Receipt and Return, Dkt. 46; Affidavit of Mailing, Dkt. 48.

The only filing indicating any receipt is the LIU Process Receipt and Return, *see* LIU Process Receipt and Return, Dkt. 17, but this is insufficient. The green return receipt indicating receipt of the certified mail simply bears a signature. *See id.* There is no other information regarding who this person is or whether they are authorized to accept service on behalf of LIU. *See id.* Those who are "authorized to receive service of process" and those who are "authorized to receive mail" are not necessarily the same. *See Cruz-Packer v. Dist. of Columbia*, 539 F.Supp.2d 181, 187 (D.D.C. 2008). Plaintiff has not met her burden to show that the person who signed the receipt on behalf of LIU fell into the former category.

As to NYU, there is still no return receipt indicating service via mail. *See* NYU Process Receipt and Return, Dkt. 46. Though a document purporting to be a process receipt and return for NYU indicates that process was mailed on May 18, 2020, there is no receipt included with the filing. *See id.* Additionally, the filing indicates that the service was mailed to "383 Lafayette Street,

19

New York, NY 10003," *see id.*, which is the mailing address NYU provides to incoming students for questions pertaining to Financial Aid, Registrar, and Bursar, *see* Han Decl. ¶ 6; *see also Undergraduate Admissions,* NYU (last visited February 19, 2026), https://www.nyu.edu/footer/contact-us.html. The correct address for NYU's Office of General Counsel is 70 Washington Square South, 11th floor, New York, New York 10012, *see* Han Decl. ¶ 5, as Plaintiff acknowledges in her other filings and mailing attempts, *see, e.g.,* Am. Compl., Dkt. 24; Affidavit of Mailing, Dkt. 48. In order to meet her burden with respect to NYU, Plaintiff would have to submit evidence showing that the service was received by an authorized party, and Plaintiff has not done so. Thus, Plaintiff has not properly served either LIU or NYU under the Federal Rules.

Second, Plaintiff did not properly serve either LIU or NYU under District of Columbia law. Service of process requirements for corporations under District of Columbia law mirror the requirements under Fed. R. Civ. P. 4(h)(1). In the District of Columbia, a corporation "in the United States" can be served:

> (A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B)  by delivering a copy of the summons, complaint, Initial Order, any addendum to that order, and any other order directed by the court to the parties at the time of filing to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute and the statute so requires by also mailing a copy of each to the defendant[.]

D.C. Super. Ct. R. Civ. P. 4(h)(1)(A)-(B). Rule 4(e)(1) states that service can be accomplished by "following District of Columbia law, or the state law for serving a summons in an action brought in courts of general jurisdiction in the state where service is made." D.C. Super. Ct. R. Civ. P. 4(e)(1).

In the District of Columbia, corporations can be served via registered or certified mail. *See* D.C. Super. Ct. R. Civ. P. 4(c)(4). Specifically, they "may be served by mailing a copy of the

summons, complaint, Initial Order, any addendum to that order, and any other order directed by the court to the parties at the time of filing to the person to be served by registered or certified mail, return receipt requested." *Id.* Relevant to this matter, however, "Federal Rule of Civil Procedure 4 does not permit a party, like Plaintiff, to personally serve a summons and complaint, even if the party is permitted to do so under the relevant state law." *See Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 357 (D.D.C. 2020).

District of Columbia law also requires proof of service. *See* D.C. Super. Ct. R. Civ. P. 4(*l*). When service of process "is made by registered or certified mail under Rule 4(c)(4), the return must be accompanied by the signed receipt attached to an affidavit." D.C. Super. Ct. R. Civ. P. 4(*l*)(B). Further, the affidavit "must specifically state" the following:

(i)  the caption and number of the case;
(ii)  the name and address of the person who posted the registered or certified letter;
(iii)  the fact that the letter contained the summons, complaint, Initial Order, any addendum to that order, and any other order directed by the court to the parties at the time of filing; and
(iv)  if the return receipt does not purport to be signed by the party named in the summons, then specific facts from which the court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process set out in Rule 4(e)(j).

*Id.* Simply put, none of Plaintiff's attempts to serve LIU or NYU comply with District of Columbia service requirements. Plaintiff attempted to serve LIU and NYU with the Complaint (Dkt. 1), and, later, with the Amended Complaint (Dkt. 24), by personally mailing documents to them. *See* Certificate of Service, October 2019, Dkt. 4; Certificate of Service, March 2020, Dkt. 22; Affidavit of Mailing, Dkt. 48. This is improper service because, as a party, Plaintiff cannot serve process. *See* Fed. R. Civ. P. 4(c)(2); Dkt. 24; *Johnson-Richardson*, 334 F.R.D. at 357. In any event, the filings on this Court's docket do not indicate that all required documents were included in the mailings; further, none of these mailings complied with the proof of service requirement under District of Columbia law regarding service by mail, as discussed below.

The only mailings that do not appear to be made by Plaintiff are those reflected in the Process Receipt and Return for LIU and NYU, which appear to have been sent via certified mail by the U.S. Marshals Service. *See* LIU Process Receipt and Return, Dkt. 17; NYU Process Receipt and Return, Dkt. 46. But there is insufficient information before the Court regarding which documents were sent to LIU and NYU (including whether it was the Complaint or the Amended Complaint) and whether these documents included all of the material required by D.C. law, D.C. Super. Ct. R. Civ. P. 4(c)(4), especially in light of D.C.'s proof of service requirements.

There is no affidavit listing the required information in the LIU Process Receipt and Return and there is not any return at all for NYU. *See* LIU Process Receipt and Return, Dkt. 17; NYU Process Receipt and Return, Dkt. 46. Finally, the lack of specific addressing on the mailings by the U.S. Marshals Service to both LIU and NYU, *see* LIU Process Receipt and Return, Dkt. 17; NYU Process Receipt and Return, Dkt. 46, may also make these mailings non-compliant with District of Columbia law, *see Hardy v. Joseph I. Sussman, P.C.*, 953 F.Supp.2d 102, 107 (D.D.C. 2013) (citations omitted) ("Service by certified mail may be insufficient if the summons and complaint are not addressed to a specific and proper party and if there is no confirmation of receipt by a person authorized to accept service."). Thus, Plaintiff has not properly served either LIU or NYU under District of Columbia law.

Finally, if Plaintiff were attempting service under New York law, the state where service would be made for the Universities, it was also ineffective. In New York, service by first class mail is permissible. *See* N.Y. C.P.L.R. § 312-a(a). However, there are certain documents, such as a statement of service by mail, that must be included with the summons and complaint. *See id.* There is no indication that Plaintiff included such documents in any mailings. *See* Certificate of Service, October 2019, Dkt. 17; Certificate of Service, March 2020, Dkt. 22. Further, service via

certified mail is improper under New York law as the statute "mandates service of process by *first class* mail and *not* by certified mail." *See Miron Lumber Co., Inc. v. Phylco Realty Dev. Co.*, 151 Misc. 2d 139, 142 (N.Y. Civ. Ct., Kings Cnty., 1991) (citations omitted) (emphasis in original). And, any service attempts that Plaintiff herself mailed are improper regardless of compliance with the state rule. *See Johnson-Richardson*, 334 F.R.D. at 357. Moreover, the attempted service by the U.S. Marshals Service was done by certified mail, *see* LIU Process Receipt and Return, Dkt. 17; NYU Process Receipt and Return, Dkt. 46, and therefore it too is improper under New York law. *See Weaver v. State of N.Y.*, 7 F.Supp.2d 234, 236 (W.D.N.Y. 1998) (merely mailing a summons and complaint by certified mail with return receipt does not constitute service under New York C.P.L.R. § 312–a). Thus, Plaintiff has not properly served LIU or NYU under New York law either.

Plaintiff has not shown proper service as to either LIU or NYU under any of the available service procedures for either the Complaint (Dkt. 1) or the Amended Complaint (Dkt. 24). Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff's Complaint was filed in September of 2019. *See* Complaint, Dkt. 1. Plaintiff has had ample opportunity to properly effect service. As neither LIU nor NYU has been properly served with the Complaint or the Amended Complaint, all counts against them should be dismissed under Fed. R. Civ. P. 12(b)(5).

<u>**POINT III**</u>

**DISMISSAL IS WARRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR <u>FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

Fed. R. Civ. P. 12(b)(6) permits dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive dismissal, a complaint must contain a "short and plain

statement" showing entitlement to relief and must allege sufficient facts to state a claim that is plausible on its face. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in the plaintiff's favor, it need not credit conclusory statements or threadbare recitals of the elements of a cause of action. *Iqbal*, 556 U.S. at 678; *Wharf, Inc. v. Dist. of Columbia*, 133 F.Supp.3d 29, 33 (D.D.C. 2015). In resolving a Rule 12(b)(6) motion, the Court may consider the complaint, as well as "documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in motion to dismiss." *Wharf, Inc.*, 133 F.Supp.3d at 33 (internal quotations and citations omitted). The Court is also permitted to "consider . . . matters of which the Court may take judicial notice." *Wiggins v. Brennan*, 308 F.Supp.3d 274, 276 (D.D.C. 2018) (citation omitted). Where, as here, a plaintiff proceeds pro se, the Court construes the complaint liberally, but pro se litigants must still comply with the Federal Rules of Civil Procedure and allege facts sufficient to state a plausible claim. *Ali v. Dist. of Columbia, et al.*, 278 F.3d 1, 8 (D.C. Cir. 2002); *Jackson v. Dist. Hosp. Partners, L.P.*, 2019 WL 3502389, at *3 (D.D.C. Aug. 1, 2019).

Under these standards, all Counts against the Universities[6] should be dismissed.

---

[6] "Counts against the Universities" are Counts in which LIU and NYU have been named in the Count heading as parties against whom that claim is brought; Counts in which the Universities are not named (Counts One, Four, and Six) are not addressed in this motion. Plaintiff's allegations contained in these Counts that are or could be interpreted as against LIU or NYU, *see e.g.* Am. Compl. ¶¶ 2, 5, 89, 91, 156, are generally vague references using a catch-all phrase such as "et al" or are conclusory statements that would be unable to support any of Plaintiff's claims. To the extent that the allegations could pertain to Counts brought against the Universities, they are included in the discussion of that Count. Additionally, many of Plaintiff's allegations are conclusory, *see, e.g.* Am. Compl. SOF ¶¶ 33-35, 39, and need not and should not be considered by the Court to support Plaintiff's claims. *See Iqbal,* 556 U.S. at 678. We do not address such allegations.

**A.    Count Two, Entitled 18 U.S. Code § 1028, Fraud and Related Activity in Connection with Identification Documents, Should be Dismissed as It Is a Criminal Statute With No Private Cause Of Action**

Plaintiff brings this claim against both LIU and NYU, but it is not well-pled as to either. Count Two is brought under 18 U.S.C. § 1028, a criminal statute. *See* Mem. Op. at 14–15; *see also Rahmani v. Resorts Int'l Hotel, Inc.*, 20 F.Supp.2d 932, 937 (E.D. Va. 1998), *aff'd,* 182 F.3d 909 (4th Cir. 1999).[7] As this Court already found, "these criminal statutes do not provide [Plaintiff] a private right of action." *See* Mem. Op. at 14–15; *Rahmani*, 20 F.Supp.2d at 937. Counts brought in a civil action based on criminal statutes that do not provide a private cause of action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Saunders v. Davis*, No. 15-CV-2026 (RC), 2016 WL 4921418, at *12 (D.D.C. Sep. 15, 2016) (agreeing with defendants' contention that "because . . . the statutes relied on by [Plaintiff] do not create a private right of action, those claims must be dismissed for failure to state a claim" and dismissing said claims.).[8]

**B.    Count Three, Entitled Fair Credit Reporting Act, 15 U.S.C. § 1692(d)(e) and (f), Should be Dismissed as It Is Inapplicable to the Universities and Insufficiently Particular**

As a threshold matter, it is unclear which statutory provisions Plaintiff relies on for this claim. Though the heading of the Count references "Fair Credit Reporting Act, 15 U.S.C. § 1692(d)(e) and (f)," the Fair Credit Reporting Act ("FCRA") is contained in 15 U.S.C. § 1681

---

[7] Plaintiff essentially acknowledges as much in the Amended Complaint, as she states that "Plaintiff has submitted this complaint also to the Inspector General and this Federal Court, to disclose any criminal charges pursuant to section (b) which is the, 'punishment for the offense under section' (a), that your honors feel is warranted or not in this situation." *See* Am. Compl. pp. 25-26 (emphasis in original).

[8] Though not referenced in Count Two's heading, in this Count, Plaintiff also refers once to "section 810," *see* Am. Compl. ¶ 30, which appears to reference the Fair Debt Collection Practices Act ("FDCPA"). The Universities address the allegations under the FDCPA in Section II(B)(i), *infra.* As the remainder of this Count, as well as the heading, refers to 18 U.S.C. § 1028, the Universities would ask that Count Two be dismissed and any allegations against the Universities relating to the FDCPA be considered under Count Three.

*et seq. See* PL 91-508, October 26, 1970, 84 Stat. 1128, § 601 *et seq.*; 15 U.S.C. § 1681 *et seq.* The statutes to which Plaintiff refers, 15 U.S.C. § 1692(d)-(f), are part of the Fair Debt Collection Practices Act ("FDCPA"). *See* PL 95–109, September 20, 1977, 91 Stat 874, §801 *et seq.*; 15 U.S.C. § 1692 *et seq.* This discrepancy is not clarified by the allegation paragraphs contained under this Count, as Plaintiff makes allegations regarding both the FCRA and the FDCPA.

For example, in paragraphs 61-65 of the Amended Complaint, Plaintiff appears to reference the subsections of FDCPA §1692e. *See* Am. Compl. ¶¶ 61-65; 15 U.S.C. § 1692e. Then, in paragraph 66, Plaintiff mentions "the Federal Fair Credit Reporting Act (FCRA) as well, 15 U.S.C. § 1681-1681y-2, § 623(a)(1)(A)(B)(C)(D)(E) and (a)(1)(C), (2)(5)(6) (debt related to ID Theft (7); and 12 C.F.R. Part 1022, App. B; and Section 615(f)." *See* Am. Compl. ¶ 66. In the following paragraphs, Plaintiff begins discussing the Fair Credit Reporting Act. *See, e.g.,* Am. Compl. ¶ 71-72. However, she then returns to what appears to be the Fair Debt Collection Practices Act. *See, e.g.* Am. Compl. ¶ 75.

Under Fed. R. Civ. P. 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, the claim is insufficient; it does not give proper notice to the Universities about what the claim is because it is entirely unclear which legal provision Plaintiff claims has been violated. Because the Universities have not been provided with sufficient notice regarding the nature of Plaintiff's claim, this count should be stricken under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In an abundance of caution, however, the Universities address the various statutory claims in Count Three[9] as follows:

---

[9] Plaintiff's assertion regarding "section 810" in Count Two is also addressed under the FDCPA subsection of this Count.

**i)      Plaintiff's Claims regarding the Fair Debt Collection Practices Act Should Be Dismissed**

**a)      Plaintiff's Fair Debt Collection Practices Act Claims are Time Barred**

Plaintiff appears to reference three sections of the Fair Debt Collection Practices Act in Count Three: 15 U.S.C. §§ 1692d, 1692e, and 1692f. Plaintiff also references "section 810" in Count Two, *see* Am. Compl. ¶ 30, which corresponds with 15 U.S.C. § 1692h, *see* 15 U.S.C. § 1692h, and is also addressed here. "A motion to dismiss may be granted on statute of limitations grounds only if apparent from the face of the complaint." *Wharf, Inc.,* 133 F.Supp.3d at 33 (citation omitted). The statute of limitations for a civil claim under the FDCPA is "one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The Supreme Court has confirmed that "absent the application of an equitable doctrine, the statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019).

In Plaintiff's pleadings, she does not place any alleged actions of LIU or NYU within the statute of limitations period. In fact, Plaintiff states that her "realization" regarding LIU and NYU's alleged involvement occurred in 2017. *See* Am. Compl. ¶ 35. Thus, any actions LIU and NYU allegedly took toward Plaintiff would have to have occurred prior to 2017 and would therefore be outside of the required one-year limitation. Though Plaintiff makes claims regarding garnishments in 2019, *see, e.g.,* Am. Compl. ¶ 59, these allegations are not directed at LIU or NYU. Additionally, other allegations regarding Private Collection Agencies' actions in 2019, *see, e.g.,* Am. Compl. ¶ 178, while stating "et al," are not directed at LIU or NYU, as Plaintiff essentially concedes in her pleadings that LIU and NYU are not Private Collection Agencies, *see* Am. Compl. ¶ 49 (stating "NYSHESC, NYU, LIU, by and through their collectors . . ."). Therefore, all of Plaintiff's claims against LIU and NYU under the FDCPA should be dismissed as time barred.

27

**b)** **The Fair Debt Collection Practices Act Claims Do Not State a Cognizable Claim**

Under 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The statute, while stating that it does so "[w]ithout limiting the general application of the foregoing," then lists six explicit actions that qualify as violations. *See* 15 U.S.C. §§ 1692d(1)-(6). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" and "includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."[10] 15 U.S.C. § 1692a(6). Specifically excluded from the "debt collector" definition, among others, is "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A).

Plaintiff essentially acknowledges in her pleadings that neither NYU nor LIU is a "business the principal purpose of which is the collection of any debts" or an entity that "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6). Though Plaintiff appears to claim that NYU is a debt collector, *see* Am. Compl. ¶ 2, this statement is vague and conclusory and is undermined by her other concessions. In paragraph 49, Plaintiff references "NYSHESC, NYU, LIU, by and through their collectors, Campus Products and Services, Immediate credit recovery, and US Department of

---

[10] The definition is expanded for 15 U.S.C. § 1692f(6) to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6).

Education agents" which, if anything, alleges that NYU and LIU are not themselves the collectors. *See* Am. Compl. ¶ 49. Further, in an unnumbered paragraph in Count One, Plaintiff states "[a]ccording to the Fair Debt Collection Practices Act, of 15 U.S.C. §1692, (6), even though the term 'person' **does not include** the creditor that the debt is owed to, (e.g. <u>DOE, Chase Bank, or possibly NYU and LIU)</u>, it does not exclude the above 4 collectors known to Plaintiff" Amended Complaint p. 15-16 (emphasis in original). Plaintiff thus concedes in her own pleading that NYU and LIU may not be covered by the FDCPA and are not debt collectors.

Moreover, even if NYU and LIU were contacting Plaintiff directly to have her repay the loans that she owed them, both NYU and LIU would still not qualify as "debt collectors" under the statute because they would be creditors collecting debts on their own behalf. *See* 15 U.S.C. § 1692a(6)(A). There are no allegations to suggest that they "used any name other than their own," and in fact the allegations support that they did not because Plaintiff was able to determine who was attempting to collect the debts.

Further, even if the Universities were debt collectors, there are no allegations that they committed any conduct prohibited by the statute.[11] The Amended Complaint does not allege any conduct whose "natural consequence" would be to harass, oppress, or abuse Plaintiff, nor does it allege any of the specific practices identified in 15 U.S.C. § 1692d(1)–(6). Accordingly, Plaintiff does not state a viable claim against either LIU or NYU under this statute and this claim should be dismissed.

---

[11] In Count One, in which neither LIU nor NYU are named as defendants against whom the charge is brought, Plaintiff makes vague claims about conduct that could violate the specific actions prohibited by the statute but attributes the actions to "each," *see* Am. Compl. ¶ 5, or "each debt collector," *see* Am. Compl. ¶ 8. As LIU and NYU are not named in Count One and are not included in the list of defendants in paragraph 28 of that Count, these allegations are not directed at them. The same argument applies to allegations in the Statement of Facts, *see* Am. Compl. SOF ¶ 19, which vaguely reference "et al" without clarifying who the allegations are directed towards.

Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Similar to 15 U.S.C. § 1692d, "without limiting the general application of the foregoing," the statute then lists certain conduct that would constitute a violation of the section. *See* 15 U.S.C. § 1692e. As stated above, Plaintiff does not allege that NYU and LIU are "debt collectors" under the FDCPA – and in fact alleges the opposite – and therefore no claim is stated against the Universities under this statute.

Plaintiff alleges that all defendants committed a violation of subsection (1),[12] which prohibits "[t]he false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof." 15 U.S.C. § 1692e(1). There is absolutely no allegation that either NYU or LIU engaged in this conduct. Plaintiff's conclusory statement that all defendants violated this section, *see* Am. Compl. ¶ 61, does not satisfy her pleading requirements as to the Universities. In any event, the allegations supposedly supporting this claim simply state that defendants "gave false representations about the amount of loans and interest, and ignored payment," which does not implicate conduct prohibited by the statute. Thus, no claim is asserted under this statute and the claim should be dismissed.[13]

Any claim under 15 U.S.C. § 1692f, which follows the same model as the previously discussed statutes, suffers from the same deficiencies. The statute states that "[a] debt collector

---

[12] While it is unclear which statute Plaintiff is alleging was violated here, as the claim simply states "§(1)" was violated, based on the language and subsections in subsequent paragraphs, *see* Am. Compl. ¶¶ 62-65, the Universities assume it is 15 U.S.C. § 1692e.

[13] The claims and allegations that appear to reference other subsections of 15 U.S.C. § 1692e, *see* Am. Compl. ¶¶ 62-65, are all directed at the Department of Education or Secretary DeVos. Therefore, it is the Universities' position that the only claim brought against LIU or NYU under 15 U.S.C. § 1692e is 15 U.S.C. § 1692e(1).

may not use unfair or unconscionable means to collect or attempt to collect any debt" and proceeds to list, "[w]ithout limiting the general application of the foregoing," certain conduct that qualifies as a violation. *See* 15 U.S.C. § 1692f. Plaintiff does not allege that either LIU or NYU meets the statutory definition of a debt collector, and, in any event, alleges no facts suggesting that either engaged in unfair or unconscionable collection practices. Accordingly, no viable claim is brought against the Universities under this statute.

Plaintiff's claim, originally under Count Two, regarding multiple debts under 15 U.S.C. § 1692h should be dismissed for the same reasons. This statute states that "[i]f any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions." 15 U.S.C. § 1692h. As discussed above, neither LIU nor NYU is plausibly alleged to be a debt collector, nor does Plaintiff allege any facts showing that either improperly applied a payment within the meaning of the statute. Thus, this claim should be dismissed.

### ii) Plaintiff's Claims Regarding the Fair Credit Reporting Act Should Be Dismissed

It is unclear which of the ten named defendants, if any, aside from the DOE that Plaintiff alleges violated the FCRA. However, if these allegations are directed at LIU and NYU, as the title of Count Three appears to indicate, they are not viable and should be dismissed. Plaintiff makes specific FCRA allegations regarding "§ 623(a)(1)(A)(B)(C)(D)(E) and (a)(1)(C), (2)(5)(6)(debt related to ID Theft (7) . . . and Section 615(f)."[14] *See* Am. Compl. ¶ 66. Section 623 of the FCRA

---

[14] Immediately prior to referencing FCRA § 623, this paragraph states that "the US Department of Education should have determined that the payments paid on interests of those loans violated the Federal Fair Credit Reporting Act (FCRA) as well, 15 U.S.C.§ 1681-1681y-2." *See* Am. Compl. ¶ 66. The Universities understand this to be a general citation to the FCRA, not a claim that every section of the FCRA was violated, and therefore the only subsections of the FCRA addressed here

is analogous to 15 U.S.C. § 1681s-2. *See Ihebereme v. Capital One, N.A.*, 933 F.Supp.2d 86, 110 (D.D.C. 2013), *aff'd,* 573 F.App'x 2 (D.C. Cir. 2014).

### a)      Plaintiff's Fair Credit Reporting Act Claims are Time Barred

An individual can bring a claim under the FCRA if is it is within "the earlier of . . . 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability" or "5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. §§ 1681p(1)-(2). Here, Plaintiff does not allege a specific date regarding when these violations purportedly occurred. However, the crux of Plaintiff's claim relates to loans that she alleges were taken out in or about 1993. *See* Am. Compl. ¶¶ 69, 142. Further, Plaintiff alleges  that she has, at the very least, been aware of and reaching out to individuals about the allegedly fraudulent loans since 2000. *See id.* ¶¶ 142, 193. Additionally, Plaintiff references that "[h]er entire credit, and other ratings from 1993-2020, caused by the actions of ID Defrauders, were destroyed." *See id.* ¶ 193. Thus, the alleged actions that impacted Plaintiff's credit occurred well outside of both time periods.

As noted above, "[a] motion to dismiss may be granted on statute of limitations grounds only if apparent from the face of the complaint." *Wharf, Inc.*, 133 F.Supp.3d at 33 (citation omitted). Here, Plaintiff places her discovery of the problem, at the latest, in 2000. *See* Am. Compl. ¶¶ 142, 193. The Complaint was filed in 2019, obviously well over 5 years later. *See* Compl., Dkt. 1. Therefore, Plaintiff's FCRA claims should be dismissed as time barred.

### b)      Plaintiff's Fair Credit Reporting Act Claims Do Not State a Cognizable Claim

The FCRA provides for a general private right of action. *See* 15 U.S.C. § 1681n; 15 U.S.C. § 1681o. However, under 15 U.S.C. § 1681s-2(c), "[e]xcept as provided in section 1681(c)(1)(B) of this title, sections 1681n and 1681o of this title do not apply to any violation of . . . subsection

---

are those specifically stated after the general citation, namely § 623 and § 615.

(a) of this section, including any regulations issued thereunder." 15 U.S.C. § 1681s-2(c)(1). In fact, subsection (a) "shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s-2(d). Accordingly, and as this Court has already found, Plaintiff has no private right of action regarding alleged violations of 15 U.S.C. § 1681s-2(a). *See* Mem. Op. at 18–20; *see also N'jai v. U.S. Dep't of Educ.*, No. 22-5243, 2023 WL 3848363, at *1 (D.C. Cir. June 2, 2023) (summarily affirming this Court's conclusion on this claim as to other Defendants on appeal); *Ihebereme v. Capital One, N.A.*, 933 F.Supp.2d 86, 110 (D.D.C. 2013), *aff'd,* 573 F.App'x 2 (D.C. Cir. 2014) ("Thus, there is no private right of action under Section 623(a), meaning an individual cannot sue to enforce that provision[]") (citation omitted). Therefore, all claims made under 15 U.S.C. § 1681s-2(a), which are the vast majority of Plaintiff's FCRA claims against LIU and NYU, must be dismissed for failure to state a claim.

Plaintiff's sole[15] remaining claim is brought under FCRA § 615(f). Section 615 of the FCRA corresponds with 15 U.S.C. § 1681m. *See Nat'l Auto. Dealers Ass'n v. F.T.C.*, 670 F.3d 268, 269 (D.C. Cir. 2012). Under 15 U.S.C. § 1681m(f), "[n]o person shall sell, transfer for consideration, or place for collection a debt that such person has been notified under section 1681c-2 of this title has resulted from identity theft." 15 U.S.C. § 1681m(f)(1). Notification under 15 U.S.C. § 1681c-2 refers to the notification of a "furnisher of information" by a consumer reporting agency which, in turn, had been notified by the consumer that certain information "resulted from

---

[15] When stating her demands at the end of Count Three, Plaintiff states "[a]ccording to the Fair Credit Reporting Act, section 621(a)(2), the DOE, HESC, and all PCAs, 'have a fiduciary duty to correct and update information, when they now [sic] that information is a result of violations of the Act, the per violation penalty should increase from $300 to $3,756.00." *See* Am. Compl. p. 31. It does not appear that Plaintiff is actually quoting from FCRA § 621(a)(2), but in any event, the Universities interpret this to be an assertion regarding the appropriate remedy, and not a separate claim. Additionally, if it is a claim, it does not appear to be asserted against LIU or NYU.

an alleged identity theft." *See* 15 U.S.C. §§ 1681c-2(a)-(b). The furnisher of information is notified "that the information may be a result of identity theft," "that an identity theft report has been filed," "that a block has been requested under this section," and "of the effective dates of the block." 15 U.S.C. § 1681c-2(b).

Plaintiff does not allege that either LIU or NYU received such notice or that she ever reported the information to a consumer reporting agency and requested a block in the first place. Plaintiff references "freezes on her credit reports" and a "Furnisher of information FTC" that was allegedly sent to the Universities along with other various FTC documents, *see* Am. Compl. SOF ¶¶ 20-21, but it is unclear what this means. Regardless, under 15 U.S.C. § 1681m(f), the notice is required to be provided to the furnisher of information by the consumer reporting agency, not by the consumer. *See* 15 U.S.C. § 1681c-2(b). Thus, because a prerequisite of 15 U.S.C § 1681m(f) liability is notice under 15 U.S.C. § 1681c-2, and the complaint is devoid of allegations to show that notice under 15 U.S.C. § 1681c-2 was provided to either LIU or NYU, this claim should also be dismissed for failure to state a claim.

### iii)    Plaintiff's Claims Regarding 12 C.F.R. Part 1022, App. B Should Be Dismissed

Plaintiff also asserts a claim under 12 C.F.R. Part 1022, App. B in Count Three. *See* Am. Compl. ¶ 66. 12 C.F.R. Part 1022, App. B. is entitled "Appendix B to Part 1022- Model Notices of Furnishing Negative Information" ("Appendix B"). *See* 12 C.F.R. Pt. 1022, App. B. Appendix B is not a statute which can be violated; in fact, by its own terms, the notices contained in Appendix B are not even required to be used. *See* 12 C.F.R. Pt. 1022, App. B(a). Appendix B's notices are provided as a way to make a financial institution "in compliance with the notice requirement in section 623(a)(7) of the FCRA" and are intended to give "safe harbor from liability" to financial institutions. *See id.;* 12 C.F.R. Pt. 1022, App. B(d). Clearly, a "violation" of Appendix B does not

34

give rise to a civil cause of action and, in any event, there is no allegation that either LIU or NYU

is "a financial institution that is subject to section 623(a)(7) of the FCRA." *See* 12 C.F.R. Pt. 1022,

App. B(a). Therefore, to the extent that Plaintiff seeks to bring a claim under this provision, it

should be dismissed for failure to state a claim.

### C. Count Five, Entitled Borrower Defense to Repayment: Higher Education Act 20 U.S.C. § 668.53, 34 C.F.R.§ 668-53, Should be Dismissed as There is No Private Cause of Action Under Those Provisions

Count Five should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as the provisions on

which Plaintiff relies do not create a private cause of action. *See* Mem. Op. at 21–22 (citing *Carr*

*v. DeVos*, 369 F.Supp.3d 554, 563–64 (S.D.N.Y. 2019)); *see also N'jai*, No. 22-5243, 2023 WL

3848363, at *1 (summarily affirming this Court's conclusion on this claim as to other Defendants

on appeal and explaining that the "district court correctly concluded that 34 C.F.R. § 685.206(c)

creates an administrative process for seeking relief, not a private cause of action in the courts.").

Under 34 C.F.R. § 685.206(c),[16] a borrower who borrowed "loans first disbursed prior to

July 1, 2017" can assert a "borrower defense," which

refers to any act or omission of the school attended by the student that relates to the making of the loan for enrollment at the school or the provision of educational services for which the loan was provided that would give rise to a cause of action against the school under applicable State law, and includes one or both of the following:

> (i)    A defense to repayment of amounts owed to the Secretary on a Direct Loan, in whole or in part.

---

[16] Though Plaintiff cites to 34 C.F.R. § 668.53 in Count Five's title, that statute pertains to "Policies and procedures" relating to verification of "FAFSA information." *See* 34 C.F.R. § 668.53. Additionally, 20 U.S.C. § 668.53 does not appear to exist, and the Universities therefore assume this is a typographical error. Borrower defenses generally are covered by 34 C.F.R. § 685.222, which directs that "[f]or loans first disbursed prior to July 1, 2017, a borrower asserts and the Secretary considers a borrower defense in accordance with the provisions of § 685.206(c), unless otherwise noted in § 685.206(c)." 34 C.F.R. § 685.222(a)(1). In light of this provision and the fact that 34 C.F.R. § 685.206(c) is cited by Plaintiff in her allegations under Count Five, *see* Am. Compl. ¶ 118, the Universities understand 34 C.F.R. § 685.206(c) to be the regulation under which Count Five is brought.

> (ii)    A claim to recover amounts previously collected by the Secretary on the Direct Loan, in whole or in part.

34 C.F.R. § 685.206(c)(1). Additionally, "[a] borrower defense claim under this section must be asserted, and will be resolved, under the procedures in § 685.222(e) to (k)." 34 C.F.R. § 685.206(c)(2). The procedures outlined in those sections reference a process adjudicated by "the Secretary." *See, e.g.*, 34 C.F.R. § 685.222(e)(ii)(A) ("[s]uspends collection activity on the loan until the Secretary issues a decision on the borrower's claim"). "The Secretary" as used in those provisions refers to "[t]he Secretary of the Department of Education or an official or employee of the Department of Education acting for the Secretary under a delegation of authority." *See* 34 C.F.R. § 685.102(2); 34 C.F.R. § 600.2. Thus, the procedures to assert a borrower's defense claim involve a process overseen by the DOE, not the courts. Further, the terms of 34 C.F.R. § 685.206(c) indicate that it does not create a private cause of action. The statute refers to a "cause of action … under applicable State law." *See* 34 C.F.R. § 685.206(c)(1). If this provision were to create a standalone private cause of action, there would be no need for this qualification.

The Office of Postsecondary Education released a notice, *inter alia*, "explain[ing] the Department of Education's (Department's) interpretation of certain Direct Loan Program regulations relating to borrower defenses which became effective July 1, 1995." Office of Postsecondary Education, 60 FR 37768-01, 1995 WL 428332 (July 21, 1995) ("the Notice"). The Notice was issued, in part, because "it became apparent to the Department that there was some confusion . . . regarding the meaning of 34 C.F.R. 685.206(c), which addresses borrower defenses in the Direct Loan Program." *Id.* The Notice stated, in pertinent part, that "[t]he regulation does not provide a private right of action for a borrower and is not intended to create new Federal rights in this area." *Id.* The DOE has pointed to this provision during litigation to support its arguments. *See Carr*, 369 F.Supp.3d at 563; Fed. Def.'s Mot. to Dismiss p. 23-24, Dkt 12.

36

Even if Plaintiff argued that the Court had jurisdiction to hear this claim under the Administrative Procedures Act ("APA"), Plaintiff would not have a claim against LIU and NYU. The APA states that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. Further, "agency" is defined as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency," though some governmental authorities are explicitly excluded from this definition. 5 U.S.C. § 701(b)(1). Here, there is no allegation that LIU or NYU is a governmental agency under the APA or that either university made a final decision on a Borrower's Defense claim by Plaintiff that is now subject to judicial review. Likewise, there are insufficient allegations that Plaintiff has exhausted her administrative remedies and been given a final agency decision on a Borrowers' Defense claim, which under the statute would be governed by the DOE, *see* 34 C.F.R. § 685.222(e), or that Plaintiff submitted such a claim to the DOE at all.

Ultimately, Plaintiff does not state a claim here against LIU or NYU for either an independent civil cause of action or for judicial review of an agency decision under the APA. As such, Count Five should be dismissed against both LIU and NYU for failure to state a claim.

> **D.**    **Count Seven, Entitled Federal Torts Claims Act (FTCA) (Negligence and Personal Injury) (28 U.S.C. § 1332; Diversity of Citizenship), Should be Dismissed as It Is Inapplicable to LIU and NYU**

First, it is unclear under which provisions of law Plaintiff intends to bring Count Seven. Though Count Seven indicates that it is brought under the Federal Tort Claims Act ("FTCA"), no specific provisions of the FTCA are actually referenced by Plaintiff. Plaintiff cites to 28 U.S.C. § 1332, which pertains to diversity of citizenship in relation to federal subject matter jurisdiction, and would therefore not give rise to a cause of action. Plaintiff also cites the PCA Procedures Manual-2009, which is a manual released by the U.S. Department of Education. *See PCA Procedures Manual – 2009*, US Dep't of Education, 1 (Sep. 2009). While this resource does refer

to various laws, *see, e.g., id.* at 19, the manual itself is not a law, *see id.* at 2 ("The *PCA Procedures Manual* is designed to enhance and expound upon contractual requirements as outlined in the RFQ and the Statement of Work."). Therefore, no action can be brought under it.

Fed. R. Civ. P. 8(a)(2) states that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Plaintiff flunks that standard. There is no citation to a law under which Plaintiff is entitled to relief from LIU or NYU. Further, there are no allegations directed at LIU or NYU other than perhaps vague references to "et al" in allegations explicitly directed at other named defendants, but even those references do not logically include LIU or NYU. *See* Am. Compl. ¶ 178 ("HESC, DOE, et al refused to stop, cease or desist, latest being 10/2019-2/18/2020"); *id.* at ¶ 183 (stating "the Department of Education, by and through <u>Diane Spadoni, et al,</u> had a duty to Plaintiff . . .") (emphasis in original).

Even assuming that Plaintiff is bringing Count Seven against LIU and NYU under some section of the FTCA, she would still not state a cognizable claim for relief. The FTCA "provides a limited waiver of sovereign immunity for certain tort claims against the United States." *Wiggins v. Brennan*, 308 F.Supp.3d 274, 276 (D.D.C. 2018) (citation omitted). In other words, "the FTCA 'waives the United States's sovereign immunity from tort claims and, subject to exceptions, renders the United States liable in tort as if it were a private person.'" *Harrison v. United States*, No. CV 16-1829 (CKK), 2018 WL 4680204, at *4 (D.D.C. Sep. 28, 2018) (quoting *Gross v. United States*, 771 F.3d 10, 12 (D.C. Cir. 2014)). For purposes of the FTCA, "the term 'Federal agency' includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as

instrumentalities or agencies of the United States, but does not include any contractor with the United States." 28 U.S.C. § 2671; *see also* 60 Stat. 842-843, § 402(a).

Plaintiff alleges nothing to suggest that the Universities "primarily act as instrumentalities or agencies of the United States." *See* 28 U.S.C. § 2671. The FTCA only applies to government entities, and thus no claim is brought against the Universities here.[17] Further, the only allegations under Count Seven that could be construed as pertaining to LIU and NYU are vague assertions that only might be referencing LIU and NYU through the catch-all phrase "et al," *see* Am. Compl. ¶¶ 178, 183, and are insufficient to meet the pleading standards set by the federal rules. Plaintiff's assertion regarding a duty, *see* Am. Compl. ¶ 183, is too conclusory to give rise to a claim. Therefore, Plaintiff has failed to state a claim against LIU or NYU under Count Seven.

**E.    Count Eight, Entitled Civil Fraud 40 U.S. code § 123: Civil Remedies for Fraud/Negligent Misrepresentation False Claims Act § 3729(b)(1), Should be Dismissed as There is No Private Cause of Action or Plaintiff Failed to Follow Required Procedure to Bring One**

Count Eight is allegedly brought under two different sections of law: 40 U.S.C. § 123, Civil Remedies for Fraud, and 31 U.S.C. § 3729(b)(1), the False Claims Act. However, at this point, Plaintiff cannot bring a cause of action under either statute. Therefore, Count Eight should be dismissed in its entirety.

**i)    Plaintiff's Claims under 40 U.S.C. § 123 Should Be Dismissed**

Though Plaintiff cites to 40 U.S.C. § 123 in the heading of Count Eight, in the body of the Amended Complaint pertaining to Count Eight, Plaintiff does not cite to this statute at all. *See* Am. Compl. pp. 60-74. And even if she had, there is no private cause of action under 40 U.S.C. § 123.

---

[17] In its prior analysis of this claim against other Defendants, this Court also concluded that this claim "must fail as [Plaintiff] has not exhausted her administrative remedies." *See* Mem. Op. at 16; *see also N'jai*, No. 22-5243, 2023 WL 3848363, at *1 (summarily affirming the Court's dismissal on this claim as to other dismissed Defendants). This remains true.

*See* Mem. Op. at 21 n.9; *see also Conservation Law Found. of New England, Inc. v. Harper*, 587

F. Supp. 357, 366–67 (D. Mass. 1984) (finding "no indication of" an intent to provide "a private

right of action" in either "the language of the FPAS or in its legislative history.") (internal

quotation and citation omitted); *Cooper v. Haase*, 750 F.App'x 600, 601 (9th Cir. 2019) ("[t]he

Federal Property and Administrative Services Act ("FPASA") does not provide for a private cause

of action") (citing 40 U.S.C. § 545). Thus, Plaintiff cannot state a claim under this statute and any

claim that purports to be brought under this statute should be dismissed pursuant to Fed. R. Civ.

P. 12(b)(6).

### ii)        Plaintiff's Claims under 31 U.S.C. § 3729(b)(1) Should Be Dismissed

Plaintiff also alleges violations of the False Claims Act ("FCA") in Count Eight. Though

the Count heading references only "§ 3729(b)(1)," the Amended Complaint later charges that

"DOE and other Defendants" violated subsections A, B, and C; "DOE" is then alleged to have

violated subsections D, E, F, and G.[18] *See* Am. Compl. ¶ 229. While the Attorney General is

generally responsible for investigating violations of 31 U.S.C. § 3729, *see* 31 U.S.C. § 3730(a),

the False Claims Act also provides for a private right of action regarding violations of the statute,

*see* 31 U.S.C. § 3730(b). Under the FCA, "[a] person may bring a civil action for a violation of

section 3729 for the person and for the United States Government" and "[t]he action shall be

brought in the name of the Government." 31 U.S.C. § 3730(b)(1). This type of action is referred

to as a *qui tam* action. *See* 31 U.S.C. § 3730(c); *United States ex rel. Gibson v. Colo. Student Loan

Program*, No. 95 N 231, 1996 WL 944285, at *6 (D. Colo. May 3, 1996) ("A suit under the FCA

is generally brought by the Department of Justice, but the Act also allows private individuals the

---

[18] Though Plaintiff cites to "31 USC sect. 3729-3733" after listing her allegations, based on the phrasing included in Plaintiff's claims, it appears that Plaintiff is referring to subsections of 31 U.S.C. § 3729(a)(1). Thus, that is the statute that is addressed here.

right to initiate and prosecute FCA actions on behalf of the government, which are referred to as '*qui tam*' actions.") (citation omitted) (emphasis in original).

There is a specific process that must be followed when an action under the FCA is brought by a private individual. *See* 31 U.S.C. § 3730(b). "A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government . . . . " 31 U.S.C. § 3730(b)(2). Further, "[t]he complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." *Id.* During the period the complaint is under seal, the Government decides whether it wants to "proceed with the action" or "decline[] to take over the action," *see* 31 U.S.C. § 3730(b)(4). If these requirements are followed for the original complaint and that complaint has thereafter been unsealed, subsequent amended complaints do not also need to be filed under seal. *See United States ex rel. Keaveney v. SRA Int'l, Inc.*, 219 F.Supp.3d 129, 141 (D.D.C. 2016) (citation omitted).

When the filing procedure detailed in 31 U.S.C. § 3730(b)(2) is not followed, "FCA claims must be dismissed with prejudice." *See Segelstrom v. Citibank, N.A.*, 76 F.Supp.3d 1, 13–14 (D.D.C. 2014), *aff'd,* 617 F.App'x 4 (D.C. Cir. 2015) (citing *Taitz v. Obama,* 707 F.Supp.2d 1, 4 (D.D.C.2010)). "[T]he qui tam statute provides no exception to the requirement a complaint be filed under seal." *Taitz*, 707 F.Supp.2d at 4. Therefore, claims brought by a plaintiff who did not correctly follow the filing procedure will be dismissed regardless of why the procedure was not followed. *See id.*

Here, Plaintiff makes no allegations that she has brought this claim on behalf of the government, and in fact brought this claim *against* the government; the U.S. Department of Education was not only a named defendant in this action generally, but is also specifically named

41

as a defendant regarding Count Eight. Regardless, Plaintiff did not follow the procedures mandated by 31 U.S.C. § 3730(b)(2) in any respect. There is no evidence that the Complaint was ever served on the appropriate Government parties, under seal or otherwise.[19] *See* Certificate of Service, October 2019, Dkt. 4. Additionally, the Amended Complaint has already been served on at least one Defendant. *See* Dkt. 33 (Return of Service/Affidavit of Summons and Complaint Executed). Thus, there is no way for Plaintiff to now comply with the requirements of the FCA to bring a proper *qui tam* action. Because Plaintiff did not follow the procedure outlined by 31 U.S.C. § 3730(b)(2), her claims pertaining to the FCA must be dismissed with prejudice. *See Segelstrom,* 76 F.Supp.3d at 14 ("Plaintiffs did not file their Complaint or Amended Complaint under seal and appear to have served the initial Complaint and Amended Complaint directly on Defendants. Accordingly, on this basis alone Plaintiffs' FCA claims must be dismissed with prejudice.") (citations omitted).

Even if Plaintiff had followed the correct filing procedure required by 40 U.S.C. § 3730(b)(2), she still would not be permitted to bring a claim under the FCA against LIU or NYU. "[A] pro se plaintiff may not file a *qui tam* action pursuant to the False Claims Act[.]" *Jones v. Jindal*, 409 F.App'x 356 (D.C. Cir. 2011); *see also* Mem. Op. at 21 (concluding same). This is because "although a *qui tam* relator has an interest in the action, the real party in interest in such a case is the United States, regardless of whether the government chooses to intervene" and "[b]ecause the outcome of such an action could have claim- or issue-preclusive effect on the United

---

[19] While Plaintiff does state in Count Two that she "submitted this complaint also to the Inspector General," her stated purpose in doing so was to have the Inspector General "disclose any criminal charges pursuant to section (b) which is the, 'punishment for the offense under section' (a)." *See* Am. Compl. pp. 25-26. Thus, this does not support that Plaintiff first submitted her complaint to the Government under seal in order to bring a *qui tam* action. Further, *qui tam* actions must be served on specific government parties, *see* 31 U.S.C. § 3730(b)(2); Fed. R. Civ. P. 4(i), and there are no allegations that those parties were served here.

States, '[t]he need for adequate legal representation on behalf of the United States is obviously essential.'" *United States ex rel. Fisher v. Network Software Assocs.*, 377 F.Supp.2d 195, 197 (D.D.C. 2005) (citing and quoting *Rockefeller v. Westinghouse Elec. Co.,* 274 F.Supp.2d 10, 16 (D.D.C. 2003)); *see also, e.g., Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007).

Plaintiff here is proceeding *pro se. See* Am. Compl. pp. 78-79. Thus, even if Plaintiff had followed the proper FCA filing procedure and first served the complaint on the Government under seal, she would not be permitted to bring a *qui tam* action under the FCA. Therefore, Plaintiff's FCA claims, and Count Eight should be dismissed.

## CONCLUSION

Defendants LIU and NYU respectfully request that all Counts brought against them by Plaintiff be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). Dismissal with prejudice is warranted where amendment would be futile or plaintiff has already been afforded an opportunity to cure deficiencies and failed to do so. *See, e.g., Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130–31 (D.C. Cir. 2012); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Here, the Amended Complaint still alleges no facts establishing personal jurisdiction over the Universities and asserts claims that fail as a matter of law because the statutes invoked either provide no private cause of action or do not apply to the Universities. These defects are legal and structural, not merely factual, and thus cannot be cured through re-pleading. Under these circumstances, further amendment would be futile, and dismissal with prejudice is warranted.

Dated: February 20, 2026

Respectfully submitted,

By:

<u>/s/ Jennifer S. Windom</u>
Jennifer S. Windom, D.C. Bar 502481
**HOGAN LOVELLS US LLP**
555 Thirteenth Street NW
Washington, DC 20004
Tel: (202) 637-6437
Fax: (202) 637-5910
jennifer.windom@hoganlovells.com

*Attorney for Defendants Long Island University
and New York University*

TO:

Jacquelyn Brenea N'Jai

P.O. Box 10133
Pittsburgh, PA 15232
(217) 572-2327
Plaintiff, *Pro se*

Richard J. Perr, Esq.
Monica M. Littman, Esq.
Kaufman Dolowich LLP
1650 Market Street
Suite 4800
Philadelphia, PA 19103
(215) 501-7002
*Attorneys for Defendant Immediate Credit Recovery Inc.*

44